## Burke *v.* Prudential Insurance Company, Appellant.

*Life insurance—Wagering policy—Executors and administrators—Fraud.*

A woman took out a policy of life insurance payable to her executors or administrators. After the policy was delivered to her she gave it to her daughter-in-law, with instructions to pay the premiums on the policy, pay the insured's funeral expenses, and if anything was left to give it to the granddaughter of the insured.   The daughter-in-law paid the premiums, and after the death of the insured took out letters of administration upon the estate.   She then brought an action in her representative capacity upon the policy.   *Held,* that the policy was not a wagering one, and that plaintiff was entitled to recover.

That the insured did not disclose to the insurance company the arrangement made with her daughter-in-law will not amount to a fraud upon the insurance company.

Argued April 12, 1893.   Appeal, No. 303, Jan. T., 1893, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1891, No. 250, on verdict for plaintiff, Bridget Burke, Administratrix of Mary Burke, deceased.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and THOMPSON, JJ.

.Assumpsit on policy of life insurance.

At the trial, before RICE, P. J., it appeared that on May 6, 1889, Mary Burke took out a policy of life insurance in defendant company, payable to her executors and administrators. After the policy was delivered to her, she gave it to her daughter-in-law, Bridget Burke, with instructions to pay the premiums on the policy, to pay the insured's funeral expenses, and if anything was left to give it to her granddaughter. Another policy of the same kind was taken out in Aug. 5, 1889, and was delivered to Bridget Burke with the same instructions. Bridget Burke paid the premiums, and after the death of Mary Burke took out letters of administration upon her estate. The insurance company refused to pay the amount of the policies, and this suit was brought. The funeral expenses were $89.00.

Defendant's points were among others as follows:

" 1. It being admitted that the grandchild of Mary Burke, the party insured, was the beneficiary in the policies of insurance on which suit was brought to the extent of the full amount of the insurance, except the sum of $89.00, and the said grandchild not being the plaintiff, the verdict in this case cannot be for a greater sum than $89.00, and the interest thereon from the death of the said Mary Burke." Refused. [2]

" 6. That the fact that this suit is brought by Bridget Burke as administratrix of the estate of Mary Burke, the person insured, makes no difference, as she cannot recover under the cloak of an administratrix on these contracts, for the reason that they were carried by her as a speculation on the life of a person whom she had no legal right to insure, which is a fraud on the defendant, and therefore the verdict must be for the defendant." Refused. [3]

" 7. That what is known in the law as a wager policy is one held by a person as beneficiary on the life of another, whom the beneficiary had no legal right to insure, on the ground of having no interest in the continuance of the life of the insured, and such a contract is void on the ground of public policy; and as the evidence in this case shows that these policies were speculative and wager policies, there can be no recovery on them by anyone, as there can be no recovery or liability on a void contract." Refused. [4]

" 8. That as the testimony shows that Mary Burke, the person

insured, simply suffered the use of her name, knowing that the policies were to be carried by a person who had no legal right to carry an insurance on her life, which fact was not known to the defendant company when the insurance was effected, that Bridget Burke, the beneficiary, paid all the expenses of the insurance and attempted to collect the money on the policies for her benefit, these facts stamp the whole transaction as a speculation and a fraud on the defendant, therefore there can be no recovery thereon, and the verdict must be for the defendant." Refused. [5]

" 10. That while it is true that Mary Burke had a right to take out policies of insurance on her own life and make the insurance payable to Bridget Burke as beneficiary, paying the premiums herself, yet she had no right to take out these policies payable ostensibly to her estate, and at the same time enter into a private agreement to hold these policies for the benefit of herself and her minor child, she to pay the premiums thereon; and as she had no insurable interest in the life of Mary Burke, and as this agreement was not made known to the defendant company, the agreement was a fraud on the defendant, and there can be no recovery in this case." Refused. [6]

" 12. That the minor child of Bridget Burke had no insurable interest in the life of Mary Burke as a grandchild, because the grandchild did not have such a claim for support as could be enforced by law, the grandmother having no property." Refused. [7]

15. Request for binding instructions.    Refused. [8]

The court charged in part as follows :

" [The defendant's points are answered in the negative, and the jury is directed to render a verdict in favor of the plaintiff for the full amount of the policies, with interest from the time when the same became due.] " [1]

Verdict and judgment for plaintiff for full amount of claim. Defendant appealed.

*Errors assigned* were (1–8) instructions, quoting them.

*A. A. Vosburg, W. S. Hulslander* with him, for appellant, cited: Shilling, Adm'r v. Ins. Co., 2 Life & Ac. R. 428; Hoffman v. Hoke, 122 Pa. 377 ; Cammack v. Lewis, 15 Wal. 643 ;

Gilbert v. Moose, 104 Pa. 74; Keystone Mut. Benefit Association v. Norris, 115 Pa. 446; Downey v. Hoffer, 110 Pa. 115; Scott v. Dickson, 108 Pa. 6; U. B. Mut. Aid Society v. McDonald, 122 Pa. 330; Stambaugh v. Blake, 1 Mona. 609; Bliss on Insurance, 2d ed. § 26; Langdon v. Union Mut. Life Ins. Co., 14 Fed. R. 272; Ætna Life Ins. Co. v. France, 94 U. S. 561; Conn. Mut. Life Ins. Co. v. Schaefer, 94 U. S. 457; N. Y. Mut. Life Ins. Co. v. Armstrong, 117 U. S. 591.

*Edward A. Lynch, John T. Lenahan* with him, for appellee, cited: People v. Burr, 41 How. Pr. 296; Porter's Law of Ins. 257; Whiting v. Mass. Co., 129 Mass. 240; Bliss on Life Ins. § 215; Tayloe v. Ins. Co., 9 How. (U. S.) 390; Union Mut. L. Ins. Co. v. Wilkinson, 13 Wal. 222; Kyte v. Com. U. A. C., 144 Mass. 43; Scottish Equitable v. Buist, 4 C. S. C. (4 Ser.) 1076; Porter's Law of Ins. 40; Armstrong v. M. L., 20 Blatch. 493; Vezina v. N. Y. L., 6 Can. S. C. 30; Ætna L. Ins. Co. v. France, 94 U. S. 561; Hogle v. Ins. Co., 6 Robt. 567; Campbell v. Ins. Co., 98 Mass. 381.

PER CURIAM, May 1, 1893:

An examination of the record, in connection with the specifications of error in this case, discloses no merit in the defence that was interposed in the court below.

According to plaintiff's testimony, her intestate, Mary Burke, took out the policies in suit, in her own name, and, after they were delivered to her, she handed them to the witness, her daughter-in-law, and, in the language of the latter, " she told me to pay the premiums on them, to pay her funeral expenses, and what would be left then, to go to my child, that was her granddaughter. . . . I paid the premiums."

One of the policies was issued in May, 1889, and the other in August of same year. The premiums that matured during the lifetime of Mrs. Mary Burke, the insured, were all paid. After her death, which occurred in March, 1891, the necessary proofs were furnished to the company, but it declined to pay and suit was brought by the administratrix of the insured. On the trial, after the testimony was closed, defendant company submitted fifteen points for charge, the burden of which is that the policies in suit are what are called in law wagering policies,

and therefore void as against the policy of the law; and also, because they are a fraud upon the defendant company. Of course the alleged fraud on the company was not discovered while the premiums were being regularly paid. It was only when the company was called upon to perform its part of the contract that the alleged fraud was unearthed. It does sometimes happen that a demand on certain kinds of insurance companies to pay losses will excite suspicion and arouse their virtuous indignation when everything else has failed.

The learned judge, after referring to the undisputed facts presented by the evidence, answered all of said fifteen points in the negative, and directed the jury to render a verdict in favor of plaintiff for the full amount of the policies with interest, which was accordingly done.

The first specification of error is more general than specific. It groups together the negative answers to each of the fifteen points and the instructions to the jury to find for plaintiff, etc., and may be dismissed with the remark that it is not according to rule. The remaining seven specifications are to the refusal of the court to affirm the several points therein recited. In view of the undisputed facts presented by the testimony, we are unable to discover any error in either of the specifications. Neither of the policies belongs to the class known as wagering policies, nor do we discover any evidence of fraud on the defendant company.

Judgment affirmed.