WALTER W. REYNOLDS, Respondent, v. THE PRU-
DENTIAL INSURANCE COMPANY OF AMER-
ICA, Appellant.

### Kansas City Court of Appeals, May 6, 1901.

1. **Evidence:** RECORDS OF HEALTH OFFICE: STATUTE: COM-
MON LAW. The statute organizing health departments in cities
of the first class makes authenticated copies of the records of the
health commissioner presumptive evidence, and at common law they
were admissible in evidence.

2. ———: ———: ———: ———. A certificate of death returned
to the health office by the physician in charge is prima facie evidence
not only of the death but of other matters required by the statute
to be stated therein, but not of matters not required unless they
are part of the required transaction.

3. **Life Insurance:** INSURABLE INTEREST: BROTHERS. Adult
brothers, neither dependent upon the other, have not from the mere
relationship an insurable interest in the life of each other.

4. ———: ———: ———: PAYMENT OF PREMIUM. One brother
may insure his own life for the benefit of another brother, but where
the beneficiary takes out the policy and pays the premium, the
contract is void and can not be validated by the insured subse-
quently reimbursing the beneficiary for the premium paid.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,*
Judge.

REVERSED AND REMANDED.

*Trimble & Braley* for appellant.

(1) To the ruling of the court in refusing to admit this
record in evidence, the defendant at the time duly excepted.

Section 5450, R. S. 1899; Childress v. Cutter, 16 Mo. 24; St. Louis v. Conell, 94 Mo. 275; State v. Austin, 113 Mo. 538; Tucker v. People, 117 Ill. 91; Greenl. on Evid. (15 Ed.), sec. 483; Morrissey .v. Ferry Co., 47 Mo. 521; Van Riper v. Morton, 61 Mo. App. 440; Gurno v. Jarnis, 6 Mo. 330; Sheetsbury v. Hartley, 133 Mass. 242. (2) That an insurable interest in the life of the insured must exist in the beneficiary is well established in Missouri. Ins. Co. v. Brant, 47 Mo. 419; Gambs v. Ins. Co., 50 Mo. 44; Chisholm v. Ins. Co., 52 Mo. 218; Evers v. Life Ass'n, 59 Mo. 429; Whitmore v. Supreme Lodge, 100 Mo. 36; Van Cleve v. Union, etc., Company, 82 Mo. App. 686. (3) That the relationship of brother is not sufficient to create an insurable interest is determined in Ass'n v. Bunch, 109 Mo. 565; Singleton v. Ins. Co., 66 Mo. 63; Lewis v. Ins. Co., 39 Conn. 100; May on Ins., sec. 587; Berbage v. Windley, 100 N. C. 357.

*Elliott & Burnham* for respondent.

(1) No error was committed by the court in sustaining plaintiff's objection to the introduction of this certificate in evidence to prove that Rufus V. Reynolds "died of consumption." Childress v. Mullanphy, 16 Mo. 47; Morrissey v. Ferry Co., 47 Mo. 524; State v. Pagels, 92 Mo. 310; Kennedy v. Holladay, 25 Mo. App. 503; Swift v. State, 89 N. Y. 52; 20 Am. and Eng. Ency. of Law, 514; 1 Greenl. on Evid. (16 Ed.), sec. 498; 2 Phillips on Evid. (5 Am. Ed.), p. 236, and note. (2) That a person died of a particular disease can be but an inference or conclusion of an attending physician, which can become competent evidence only after examination under oath to show such physician's competency as an expert to form such conclusion. 20 Am. and Eng. Ency. of Law, p. 514; Ericson v. Smith, 38 How. Pr. (N. Y.) 454; Coyner v. Boyd, 55 Ind.

166; Bohr v. Neuenschwander, 120 Ind. 449; State v. Krause, 58 Kan. 651. (3) The verdict was not against the law. Counsel have quoted from the wrong opinion in Van Cleave v. Union Cas. & S. Co., 82 Mo. App. 668. The law as to warranties in this State, in contracts for insurance, and the effect on them of section 5849, Revised Statutes 1889, is laid down in the opinion of ELLISON and GILL, JJ., in Van Cleave v. Union Cas. & S. Co., supra, following the decision of this court in Ashford v. Ins. Co., 80 Mo. App. 638; Thrasher v. Life Ass'n, 67 Mo. App. 508; Jacobs v. Life Ass'n, 146 Mo. 541; Aloe v. Ins. Co., 147 Mo. 573; Christian v. Ins. Co., 143 Mo. 460. (4) The court did not err in refusing to give defendant's instruction number seven. Whitmore v. Supreme Lodge, 100 Mo. 36; Ins. Co. v. France, 94 U. S. 561; Lord v. Dall, 12 Mass. 115; Warnock v. Davis, 104 U. S. 779; Miller v. Ins. Co., 2 E. D. Smith (N. Y.) 268.

ELLISON, J.—This action is based on a policy of life insurance for $1,000. Plaintiff obtained judgment in the trial court. Plaintiff is deceased's brother and was made the beneficiary of the policy, the policy being issued only a short time before deceased's death, which occurred in Kansas City, Missouri.

In his application the deceased stated that he did not have and never had consumption. The defendant endeavored to show that this was a false representation and that it was material for the reason that deceased died from that disease, thus placing itself without the onerous provision of section 7890, Revised Statutes 1899. There was much evidence for and against these propositions. Defendant in the course of its effort in its own behalf, offered to show by a duly certified copy of the records of the health department of Kansas City, including the physician's certificate filed therein, that deceased died

of consumption. This offer was refused by the trial court. By provision of section 5450, Revised Statutes 1899, a health department is provided for in cities of the first class. Sections 5458 and 5463 provide that the health commissioner and the board of health shall keep a record of their proceedings, respectively. Section 5459 of said statute is as follows:

"For the purpose of carrying the provisions of this article into effect, every physician who may practice medicine in cities of the first class shall, when a patient dies under his care, make out two certificates, stating the name, age, sex, color and place of birth, and place and date of death, together with the name of the disease of which said person died, one of which he shall, without delay, deposit in the office of said health commissioner, and the other he shall give to the undertaker of the funeral, to be delivered by him to the person who has control of the graveyard in which the body is buried. And if any physician or undertaker refuse or omit to do as aforesaid, he shall forfeit and pay five dollars to the use of such city, to be recovered as provided for in section 5461."

It is thus seen that the health commissioner and the board of health shall keep a record in which all papers and documents belonging to their respective offices shall be kept. It is further seen that the attending physician, at the death of any person in the city, shall make out a certificate and deposit same with the health commissioner in which he shall state the name, age, sex, color and place of birth, and place and date of death, together with the name of the disease of which the person died. The statute itself declares that authenticated copies of the records of the health commissioner shall be received as presumptive evidence in the courts. But aside from the words of the statute to this effect, the law as stated by Greenleaf on Evidence, section 483, is: "Public writings, consisting of *official registers* or books, kept by persons in public office, in

which they are required, whether by statute or by the nature of their office, to write down particular transactions, occurring in the course of their public duties, and under their personal observations, these documents, as well as all others of public nature, are generally admissible in evidence, notwithstanding their authenticity is not confirmed by those usual and ordinary tests of truth, the obligation of an oath, and the power of cross-examining the persons, on whose authority the truth of the documents depends." Section 484 of the same authority, further discussing such registers, or books, says: "These books, therefore, are recognized by law, because they are required by law to be kept, because the entries in them are of public interest and notoriety, and because they are made under the sanction of oath of office, or at least under that official duty." And so it was held that the warden's certificate of the record of discharge of a prisoner from the penitentiary under the three-fourths rule was evidence of that fact, since he was required to keep a record of such discharges. State v. Austin, 113 Mo. 538. It was no objection that a certified copy of the health commissioner's record was offered instead of the original; for "it is an established principle of law that a copy of any public paper certified by the officer entrusted with its custody is evidence, if the original would be." Van Riper v. Morton, 61 Mo. App. 440.

But plaintiff says, in effect, that conceding the correctness of the foregoing propositions, they do not apply to the point of objection in this case. He contends that the object of the law was merely a record of the death, that the certificate of death is prima facie proof of death and no more, and that it has no probative force as to the cause of death. He assumes as being beyond question that the record is not evidence as to the place of birth, the age, sex and color, and that it is no more evidence of the disease of which the party died than it is of those mat-

ters.   We do not agree with plaintiff's view.   A record which contains or states anything beyond what is, in terms, required to be stated by law, is not evidence of such thing, unless it "belonged to the transaction as a part thereof," or "was its usual and proper concomitant."   Childress v. Cutter, 16 Mo. 24, 45.   So, therefore, if a statute required the physician to certify the death of a party to the board of health and did not require a statement as to his age or place of birth, the record of his statement of those things would not be evidence of them, since they are not a part of the transaction of death, neither are they concomitant.   But where the law *requires* certain statements to be made, then the record of those statements is evidence of the things stated.   "The question upon them (registers) will be, what facts are required to be stated?"   Childress v. Cutter, supra; Morrissey v. Wiggins Ferry Co., 47 Mo. 321; Tucker v. The People, 117 Ill. 88; Shutesbury v. Hadley, 133 Mass. 242.   In the latter case the law required that the certificate and registration of marriage should also state the residence of the parties in addition to the main fact of the marriage, and the court held that such record should be received in evidence to prove residence.   The refusal of defendant's offer was error.

As stated at the beginning, this plaintiff was deceased's brother.   A question arises whether he had an insurable interest in his brother's life.   It is stated generally that a policy of insurance on the life of one in whom the beneficiary has no insurable interest is void as being against public policy.   But this depends upon who contracts for and obtains the insurance. A person may himself insure his own life in favor of another who has no insurable interest therein.   The distinction between the two acts is pointed out in Ashford v. Ins. Co. 80 Mo. App. 638.

In Masonic Ben. Ass'n v. Bunch, 109 Mo. 560, it is difficult to say which of two brothers took out the insurance, the

one whose life was insured or the one who was made benefic-
iary.    It is clear, however, that it was done with the consent
of the insured.    In that case the court states that the mere
relationship of brother it not an insurable interest.    But whether
the court's attention was called to the point made in the Ash-
ford case does not appear.    It was perhaps not, for it will be
noticed that it is there stated that the cases of Ins. Co. v. France,
94 U. S. 561, and Lord v. Dall, 12 Mass. 115, decide that
a sister, from mere relationship, had an insurable interest in
the life of her brother.    And that it ,was decided in Lewis
v. Ins. Co., 39 Conn. 100, that a person, from mere relation-
ship, did not have an insurable interest in his brother.    These
cases are not out of harmony.    In the first two, the *insured
himself* took out the policy for his sister.    In the last the
*beneficiary* was the actor.    The case of Ins. Co. v. France, as
well as that of Conn. Mut. Ins. Co. v. Shaefer, 94 U. S. 457,
in keeping with the many authorities, cited in the Ashford case,
recognize that a man may insure his own life for whoever he
will, so that the contract is not an attempt to evade the law
against mere wages on life.    It not being clear which person
our Supreme Court in the Bunch case considered took out the
policy—whether the insured or the beneficiary—the case is
not of the service it would otherwise have been.

In Singleton v. Ins. Co., 66 Mo. 63, it was held that the
mere relationship of nephew and uncle was not an insurable
interest.    And so cousins were considered in Whitmore v. Ins.
Co., 100 Mo. 36.    In each of these cases, as well as in the
Bunch case, it is said that the person who secures the policy
of another must have a pecuniary interest in the life of that
other.    And this is rather a broad statement, for all agree that
a father may take out insurance on the life of his child, or the
husband on the life of his wife, in which the pecuniary ex-
pectations are more imaginary than real.    In such cases af-

fection gives the transaction more relief from the thought of wagering on the life of another than does the mere idea of pecuniary interest in the life.

We are of the opinion that adult brothers, neither dependent upon the other, have not from the mere relationship an insurable interest in the life of the other. And, therefore, neither can make a valid contract of insurance insuring the life of the other for his benefit. But in view of the distinction aforesaid, either may insure his own life for the other.

We find from the record that there was evidence tending to show that plaintiff himself insured deceased's life for his own benefit, and paid the premium, which on account of the early death, was the only one paid. It is true there was evidence tending to show that deceased paid the amount back to plaintiff. But we are of the opinion that in a case where one insures the life of another in whom he has no insurable interest, the void contract will not be validated by the afterthought, or consideration, of the insured reimbursing him for the premium paid. The contract of insurance of a person for the benefit of another who has no insurable interest in such person must be made with the person insured; that is to say, *he* must insure his life for the benefit of the other. We, however, do not mean to say that he may not be represented by an agent in making such contract.

In view of the evidence, the trial court should have given defendant's instruction number seven, wherein it was declared, in substance, that, if the plaintiff insured his brother's life for his own benefit, the policy was void, notwithstanding the premium paid by plaintiff was afterwards paid to plaintiff by deceased.

The judgment is reversed and cause remanded. All concur.