## Richmond

CRISMOND'S ADMINISTRATRIX AND OTHERS V. JONES AND OTHERS.

January 12, 1915.

Absent, Keith, P.

1. LIFE INSURANCE—*Insurable Interest.*—One taking out a policy of insurance on the life of another person for his own benefit, or taking an assignment of a policy on the life of another (prior to Acts 1902-3-4, p. 256) must have an interest in the continuance of the life of the insured, otherwise the transaction is a mere speculative or wager contract and is void because contrary to public policy.

2. LIFE INSURANCE—*Insurable Interest—What Constitutes—Son-in-Law.*—An insurable interest in the life of another is such an interest arising from the relations of the party obtaining the insurance, either as creditor or surety for the assured, or from ties of blood or marriage to him, as will justify a reasonable expectation of advantage or benefit from the continuance of the life. It is not necessary, however, that the expectation of advantage or benefit should be always capable of pecuniary estimation, for a parent has an insurable interest in the life of his child, and a child in the life of his parent, and husband and wife in the life of each other, and so it has been held of brother and sister and grandparent and grandchild, but beyond this the courts have not gone. A son-in-law has no such interest in the life of his father-in-law.

3. LIFE INSURANCE—*Insurable Interest—Good Faith.*—Good faith alone is not sufficient to sustain a policy of insurance taken out upon the life of another by one who has no interest in the continuance of such life.

4. EXECUTORS AND ADMINISTRATORS—*Failure to Settle Accounts—Commissions.*—An administrator who has made no settlement of his accounts as required by law, and who offers no reasonable or sufficient excuse for his failure to perform this plain and mandatory duty, is not entitled to receive commissions on that part of the funds of the estate received by him which goes to persons who have not waived such settlements.

Appeal from a decree of the Circuit Court of Spotsyl-
vania county.   Decree for the complainants.   Deféndants
appeal.

*Affirmed.*

The opinion states the case.

*St. Geo. R. Fitzhugh,* for the appellants.

*S. P. Powell,* for the appellees.

HARRISON, J., delivered the opinion of the court.

The essential facts of this case are that John T. Cole-
man, in February, 1881, had his life insured in the Valley
Mutual Life Insurance Company for $1,000, and in Sep-
tember of the same year he procured another policy in the
same company for $2,000.   In both of these policies he made
his wife, her personal representatives or assigns, the bene-
ficiary.   In November, 1882, the wife, Emily L. Coleman,
died.   In September, 1889, John T. Coleman, the insured,
assigned the $2,000 policy and all the money to be derived
therefrom to his son, W. J. Coleman, and his son-in-law, H.
F. Crismond, in consideration of their assuming the pay-
ment of the premiums and assessments to become due and
payable under the terms of the policy.   On the same day a
like assignment of the $1,000 policy and the money to be
derived therefrom was made to Richard T. Goodwin, an-
other son-in-law of the insured.   The reason for making
these assignments, expressed on their face, was, that the
beneficiary named in each of the policies was dead and the
insured was unwilling to continue to pay the premiums and
keep them in force.   All of the children of the insured ap-
proved and acquiesced in these assignments except the ap-

pellees, who were infant grandchildren of the insured, being the children of a deceased daughter.

John T. Coleman died in 1892, leaving a will in which his son Wm. J. Coleman, and his son-in-law, H. F. Crismond, were named as his executors. The policies were not mentioned in the will, but were later collected and disposed of in accordance with the terms of the assignments, one-third of the proceeds to each of the three assignees, the insurance company paying the same to Wm. J. Coleman, one of the assignees, who was, before such payment, required to qualify as administrator of Emily L. Coleman, the wife and original beneficiary, and to receive the same as her administrator. Shortly after the policies were paid and cancelled, the insurance company failed.

The appellees, grand-children, as already stated, of the insured, claimed that the assignment of each of these policies was invalid and of no effect. A number of grounds were urged in support of this contention, all of which were decided adversely to the complainants, except the fifth, which involved the insurable interest of the assignees of the policies in the insured. The correctness of the conclusion reached by the court upon that question is the chief subject of controversy raised by this appeal.

We are of opinion that there was no error in the ruling of the circuit court that Wm. J. Coleman had an insurable interest in his father's life, and that the assignment of the $2,000 policy, so far as it concerned his interest therein, was valid and free from any objection. *Valley Mutual Life Ins. Co.* v. *Teewalt,* 79 Va. 421.

We are further of opinion, after the best consideration we have been able to give the subject, that the circuit court did not err in holding that the two sons-in-law were without any insurable interest in the life of their father-in-law, and, therefore, that the assignments, so far as their interest in them was concerned, were under the law invalid, except to

the extent that they were acquiesced in by the adult children of the insured who united with him in executing the same.

It is a settled principle in our American jurisprudence that one taking out a policy of insurance on the life of another person for his own benefit, must have an interest in the continuance of the life of the insured. And this court has repeatedly held that the assignee of a life policy or the proceeds thereof must have an insurable interest in the life of the insured. *Roller* v. *Moore's Admr.,* 86 Va. 512, 10 S. E. 241, 6 L. R. A. 136; *Life Ins. Co.* v. *Davis,* 96 Va. 737, 32 S. E. 475, 44 L. R. A. 305; *Tate* v. *Building Association,* 97 Va. 74, 33 S. E. 382, 45 L. R. A. 243, 75 Am. St. Rep. 770.

It is to be observed that the assignments here involved were made long before the statute was passed providing for the assignment of a policy for a valuable consideration without regard to whether the assignee has an insurable interest or not; so that this case is not controlled by that statute, which is found in Acts 1902-3-4, p. 256, Code, section 2859-a. The established principle adverted to rests upon the view, that, where the person taking out the policy on the life of another has no insurable interest in such life, and, therefore, no interest in its continuance, the transaction is a mere speculative or wager contract and is void because contrary to public policy.

What constitutes an insurable interest in the life of another is very clearly stated by Mr. Justice Field in *Warnock* v. *Davis,* 104 U. S. 775, 26 L. Ed. 924, where it is said: "It is not easy to define with precision what will in all cases constitute an insurable interest, so as to take the contract out of the class of wager policies. It may be stated generally, however, to be such an interest arising from the relations of the party obtaining the insurance, either as creditor or of surety for the assured, or from the ties of blood or marriage to him, as will justify a reasonable expectation or advantage or benefit from the continuance of his life. It is

not necessary that the expectation of advantage or benefit should be always capable of pecuniary estimation, for a parent has an insurable interest in the life of his child, and a child in the life of his parent, a husband in the life of his wife and a wife in the life of her husband. The natural affection in cases of this kind is considered as more powerful, as operating more efficaciously, to protect the life of the insured, than any other consideration. But in all cases there must be a reasonable ground, founded upon the relations of the parties to each other, either pecuniary or of blood or of affinity to expect some benefit or advantage from the continuance of the life of the assured, otherwise the contract is a mere wager by which the party taking the policy is directly interested in the early death of the assured."

The extent to which this court has gone, based exclusively upon affinity, is to hold that a wife has an insurable interest in her husband and a husband in his wife, and based exclusively upon consanguinity to hold that a father has an insurable interest in his child and a child in the life of its father. Beyond this jurisdiction the ties of blood and affinity alone have not been held, so far as we are advised, to afford an insurable interest further than the relationship of husband and wife, parent and child, brother and sister, and grand-parent and grand-child. *Ætna Life Ins. Co.* v. *France,* 94 U. S. 561, 24 L. Ed. 281; *Corbett* v. *Ins. Co.,* 37 App. Div. 152, 55 N. Y. Supp. 775; *Burke* v. *Ins. Co.,* 155 Pa. 295, 26 Atl. 445.

We have been cited to no case, and have not found one, which goes so far as holding that the connection between son-in-law and father-in-law is sufficient to create an insurable interest in the latter in favor of the former, while numerous courts, which have held that insurable interest could be based upon ties of consanguinity and affinity, have held that the relationships of uncle or aunt, nephew or niece,

cousins, step-son or step-daughter, brother-in-law, mother-in-law, son-in-law, etc., will not support an insurable interest. Cooley's Briefs of Insurance Law, pp. 290-291, and cases there cited.

The learned counsel for the appellants has argued with great force that good faith in the transaction is the essential thing in determining the validity of the policies assigned in this case, and cited *Ins. Co.* v. *Schafer,* 94 U. S. 460, 24 L. Ed. 251, in which Mr. Justice Bradley says: "The essential thing is that the policy shall be obtained in good faith, and not for the purpose of speculating upon the hazard of a life in which the assured has no interest." It may be conceded that the utmost good faith obtained between the parties to the transaction under consideration, but good faith alone is not sufficient to sustain a policy taken out upon the life of another by one who has no interest in the continuance of such life. If it were, the law which condemns such transactions, upon the ground of public policy, would avail but little. Of course the transaction must in any case be characterized by good faith, but as said by Mr. Justice Field in *Warnock* v. *Davis, supra:* "In all cases there must be a reasonable ground, founded upon the relation of the parties, either pecuniary, or of blood, or of affinity, to expect some benefit from the continuance of the life of the assured, otherwise the contract is a mere wager by which the party taking the policy is directly interested in the early death of the insured." In the light of the decisions of this court and the great weight of authority elsewhere, insurable interest, based exclusively upon affinity, cannot be extended so as to give a son-in-law an insurable interest in the life of his father-in-law. The affection, if any, springing from the relation of father-in-law and son-in-law is not the natural love which springs from the relation of parent and child, but is an acquired affection such as that existing between friends

who are strangers in blood, and cannot be considered as more powerful and operating more efficaciously to protect the life of the insured than any other consideration.

We are further of opinion that the circuit court did not err in denying to the executors of John T. Coleman and the administrator of Emily L. Coleman commissions on that portion of the estate of their respective decedents which was due and payable to the appellees. Although the administrator of Emily L. Coleman qualified in 1893, and the executors of John T. Coleman qualified in 1892, neither of these fiduciaries made any settlement of their accounts, as required by statute, until compelled to do so in this cause, which was instituted by the appellees in 1899; and no reasonable or sufficient excuse has been offered for their failure to perform this plain and mandatory duty. Code, secs. 2678, 2679.

We are further of opinion that there is no merit in the cross-errors assigned by the appellees. That the amount involved gives this court jurisdiction in the premises clearly appears from the record. The action of the court in holding that W. J. Coleman had an insurable interest in his father's life has already been disposed of and need not be further considered.

No sufficient ground is shown for the contention of appellees that the court erred in charging them with $500 which appears to have been due from their father to the estate of their grandfather, John T. Coleman.

Upon the whole case, we are of opinion that the decree complained of must be affirmed.

*Affirmed.*