## Smith v. National Life and Accident Insurance Company.

(Decided November 9, 1926.)

### Appeal from Warren Circuit Court.

1. Insurance—Where Evidence was Conflicting as to Health of Insured at Date of Issuance of Policy, it was Error to Peremptorily Direct Verdict for Insurer.—In action on industrial policy, where evidence was conflicting as to condition of insured's health at date of issuance of policy, it was error to peremptorily direct verdict for insurer.

2. Insurance.—Industrial life policy is not void because beneficiary has no insurable interest.

W. B. GAINES and G. D. MILLIKEN for appellant.

THOMAS, THOMAS & LOGAN for appellee.

Opinion of the Court by Judge Sampson—Reversing.

The motion of appellee, insurance company, made at the conclusion of all the evidence, for a directed verdict in its favor, was sustained by the trial court and the jury directed to return a verdict for the insurance company, which was done and upon which judgment was entered, and this is the basis of appellant's complaint upon which she relies for a reversal of the judgment.

In September, 1924, the deceased, Roy VanMeter, a colored boy, applied to appellee, National Life and Accident Insurance Company, for a policy of industrial insurance, the weekly payments of which were twenty (20c) cents, and the amount to be paid on his death $250.00. On October 6th, the policy was delivered to VanMeter; he died on November 18th following. Appellant, Mary Lou Smith, a sweetheart of VanMeter, was the beneficiary named in the policy, and when the insurance company declined to pay the policy after proof of death and due demand of payment she instituted this action to recover on the contract. With the petition she filed a copy of the policy which contained the following provisions:

"No obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health. Should the proposed insured not be alive or not be in sound health on the date hereof, any amount paid to the company as premium herein shall be returned."

In its answer the company relied upon the provisions of the foregoing paragraph of the policy, and alleged that upon the date of the issual and upon the date of the delivery of the policy described in the petition, VanMeter, the insured, was not in sound health and knew that he was not in sound health; and further that at the time he made written application to the company for the issual of the policy he falsely declared in writing that he was in good health at the time knowing he was not so, all with the fraudulent intent on his part to deceive the defendant company as to the condition of his health, and the company relying upon his statements contained in the written application, issued and delivered to him the policy sued on. In brief of counsel for the insurance company it is said that the "sole question in the case is

whether the requirements in the policy that the insured should be in sound health at the time of its delivery, rendered the policy void. The proof shows that the insured was ill in June, 1924, but that he recovered, so far as outward appearances showed. The policy was issued on the 6th of October and delivered on the 13th. He was being attended on the 4th day of November for a serious illness, which must have been in existence, according to the very nature of the disease, on or about the 13th of October when the policy was delivered," so the argument runs. The company also relied upon the fact that appellant was no blood relation to the insured, and, therefore, did not have an insurable interest in VanMeter; that she knew the policy was taken out and that she was made the beneficiary, and could not, therefore, recover, citing the case of Rupp v. Western Life Indemnity Company, 138 Ky. 18. Appellant, Mary Lou Smith, testified that she was not related by blood or marriage to the insured but that she was his sweetheart and intended to marry him at the next Christmas; that he had been working, although in June he had been sick for about two weeks and quit work in September because the job gave out; that he was in good health at the time he applied for insurance and at the time the policy was issued and delivered to him; that he took sick about the 4th of November and died on the 18th of that month. Dr. Donnelley testified that he examined VanMeter for insurance in the Metropolitan Insurance Company in October, 1924, he being the medical examiner for that company, making a written report at the time to the company and that he found VanMeter in good health and apparently all right. When asked if he would call him sound he said, "yes, sir."

Dr. Jones was called by the company and testified that he attended the insured in his last illness and that he died of septicemia, starting from an infection; that he was sick when the doctor first saw him on November 4th, but he did not know how long he had been sick; that this infection was the cause of his death on the 18th of November; that he had treated him once before for abscess, about the 10th of June, but that he had appeared to fully recover and had been discharged as well. The evidence was somewhat conflicting, making it a question for the jury, and the court should not have peremptorily directed the jury to find and return a verdict for the company upon the evidence.

The rule with respect to the right of an insurer to avoid liability on a policy where the insured made false statements in his application for the insurance and where he was not in sound health at the time of the application and delivery of the policy, were set forth in the recent cases of Metropolitan Life Insurance Company v. Walters, 215 Ky. 379; Metropolitan Life Insurance Company v. Hightower, 211 Ky. 36.

Neither should the court have directed a verdict in favor of appellee on the ground that appellant, Mary Lou Smith, did not have an insurable interest in Van-Meter, for it is well settled, both in this jurisdiction and elsewhere, that the beneficiary in an industrial policy such as the one now under consideration, does not come within the rule applicable to old line life insurance policies, requiring the beneficiary to be related in a certain degree by blood, or by marriage, or be a creditor, since industrial policies are generally small, as in this case, and intended to take care of the insured in his last sickness and to pay his burial expenses. Metropolitan Life Insurance Company v. Nelson, 170 Ky. 674. In 31 C. J., page 967, it is said: "The rule that one who has no insurable interest in the life of another cannot take insurance on the latter's life, does not strictly apply to industrial insurance. In any event an industrial policy is not void because the premiums are paid by persons having no insurable interest."

While the lower court did not state upon what ground it gave the directed verdict in favor of the insurance company and this court is unable to determine whether that instruction was given because the trial court did not believe that the action could be maintained by appellant, who was not related to the insured by blood or marriage, or because the court was of opinion that the proof showed that the insured was not in sound health at the time he made application for insurance and the policy was delivered to him, it was error in either event. The case should have been submitted to the jury by proper instructions.

For these reasons the judgment is reversed for new trial consistent with this opinion

Judgment reversed.