# MARCH, 1931.

ANNABELLE WILLIAMS, RESPONDENT, v. PEOPLES LIFE AND ACCIDENT INSURANCE COMPANY, A CORPORATION, APPELLANT.—35 S. W. (2d) 922.

St. Louis Court of Appeals.   Opinion filed March 3, 1931.

*Martin Farrow* for appellant.

*John P. Griffin* for respondent.

NIPPER, J.—This is an action instituted before a Justice of the Peace, in the city of St. Louis, to recover on an industrial insurance policy for $198. Plaintiff recovered in the justice court, as well as in the circuit court, and defendant has appealed. There was a judgment for $342, which included interest, penalty, and attorney's fees.

· The policy was issued on the life of William I. Williams on the 22nd day of August, 1927. Insured died on the 21st day of March, 1928. Plaintiff was the wife of one of insured's brothers, John Williams. The insured was twenty years old at the time the policy was taken out, and was twenty-one years old when he died.

The evidence discloses that he was feeble-minded, and never worked, except around the house, and never attended school very much. Plaintiff, her husband, and his other brothers and sisters took care of him after his father's death. Plaintiff's evidence discloses that defendant's agent, who visited her home frequently, wrote the policy of insurance; that he had seen this boy around the place at different times. The evidence also discloses that plaintiff signed the application for the insured, and the policy was issued while he was away from home, naming plaintiff, a sister-in-law, as the beneficiary. There is some evidence in the record tending to show that defendant's agent knew that the insured was not present at the time the application was signed, and, of course, knew that the plaintiff, who was named as beneficiary, was the wife of one of insured's brothers. The evidence also discloses that plaintiff's husband either paid the premiums or furnished her the money with which to pay them, and insured had nothing to do with paying the premiums. The policy also contained the usual facility-of-payment clause. Defendant paid into court the amount of premiums which had been paid on the policy.

It is unnecessary to discuss the further provisions of the policy, or to detail the evidence offered either by · plaintiff or defendant further than what we have already stated. In our opinion, plaintiff cannot recover, as it seems to be thoroughly settled by the laws of this State that under such a state of facts as we have detailed plaintiff had no insurable interest in the life of the insured, and the court erred in refusing to direct a verdict for the defendant as requested.

In Reynolds v. Prudential Insurance Co., 88 Mo. App. 679, the court held that adult brothers, neither dependent upon the other, had not from the mere relationship an insurable interest in the life of each other.

In Ryan v. Metropolitan Life Insurance Co., 117 Mo. App. 688, 93 S. W. 347, the court held that the beneficiary in a life insurance policy, procured by himself, upon the life of his cousin, could not recover on the death of the insured, because the beneficiary had no insurable interest in the life of the deceased, and the contract was void as against public policy.

Such policies are treated as wagers on human life, and are void. [See Lee v. Assurance Society, 195 Mo. App. 40, 189 S. W. 1195; Singleton v. Insurance Co., 66 Mo. 63; Whitmore v. Supreme Lodge, 100 Mo. 36, 13 S. W. 495.]

If insured had taken out this policy and paid the premium thereon, we would, of course, have been confronted with a different situation, but the beneficiary secured the issuance of the policy, and she, or her husband, paid the premiums thereon. She was in no way dependent upon the assured for support or maintenance, and as to relationship was only a sister-in-law. There was no relation of dependence, or creditor and debtor, existing between insured and his sister-in-law.

We are not undertaking to define what may constitute an insurable interest in all cases, but it is clear that under all the authorities plaintiff had no insurable interest in the life of her deceased brother-in-law.

Plaintiff, however, insists that defendant is estopped from invoking the defense of want of insurable interest in this case. However, transactions like this one, being contrary to public policy, are absolutely void, and plaintiff cannot recover upon the theory of waiver or estoppel. [Mathes v. Westchester Fire Ins. Co. (Mo. App.), 6 S. W. (2d) 67.]

It is suggested that in small industrial policies of this character, it is not necessary for the beneficiary to have an insurable interest, because such policies are generally small and intended to take care of the insured in his last sickness and to pay his funeral expenses. There is authority for this contention. The Kentucky Court of Appeals so held in Smith v. National Life & Accident Insurance Co., 287 S. W. 928. However, the courts of this State make no distinction, as the case of Ryan v. Metropolitan Life Insurance Co., supra, was based upon an industrial policy, very much like the one in question, for the sum of $201.

The judgment is accordingly reversed. *Haid, P. J.,* and *Becker, J.,* concur.