CARTER v. CONTINENTAL LIFE INS.
CO., Inc.

No. 7516.

United States Court of Appeals for the
District of Columbia.

Argued Oct. 10, 1940.

Decided Nov. 4, 1940.

Rehearing Denied Dec. 3, 1940.

Elwood G. Hubert, of Washington, D.
C., for appellant.

LeRoy Pumphrey, of Washington, D. C.,
for appellee.

Before GRONER, Chief Justice, and
EDGERTON and VINSON, Associate
Justices.

PER CURIAM.

This is a suit upon a life insurance policy. The insured died in 1937. The proof of death filed by the appellant beneficiary showed that the degree of relationship between the insured and the beneficiary had been misstated in the application and that the beneficiary, instead of being a sister, was a sister-in-law of the insured. The insurance company successfully defended on the ground that appellant had no insurable interest in the life of her brother-in-law and that, the policy having been obtained, and the premiums paid by her, the policy was void ab initio.

There is substantial evidence to show that appellant actually procured the policy, paid the premiums, and was the real contracting party. National Life & Accident Insurance Co. v. Middlebrooks, 27 Ala. App. 247, 170 So. 84. See Hess' Adm'r v. Segenfelter, 127 Ky. 348, 105 S.W. 476, 477, 14 L.R.A.,N.S., 1172, 128 Am.St.Rep. 343, and Amick v. Butler, 111 Ind. 578, 12 N.E. 518, 520, 60 Am.Rep. 722. Consequently, it was necessary that appellant should show an insurable interest in the life of the insured, and it is well settled that without more a sister-in-law has no such interest in the life of her brother-in-law. Chandler v. Mutual Life & Industrial Association, 131 Ga. 82, 61 S.E. 1036; Lyon v. Rolfe, 76 Mich. 146, 42 N.W. 1094; Crismond's Adm'x v. Jones, 117 Va. 34, 83 S.E. 1045, Ann.Cas.1917C, 155; O'Connor v. O'Shaughnessy, Tex.Civ.App., 288 S.W.

842; Williams v. People's Life & Accident Insurance Co., 224 Mo.App. 1229, 35 S.W. 2d 922; Cooley's Briefs on Insurance, 2d Ed., pp. 330, 385–387; Vance on Insurance, 2d Ed., p. 157. The decisions go on the ground that there must be a reasonable pecuniary interest, a close tie by blood, or marriage, justifying the expectation of benefit or advantage from the continued life of the insured. Unless this exists, the policy is a contract of wager and for the purpose of speculating on the hazard of a life in which the beneficiary has no interest.

Appellant's argument that the insurance company must have known the true relationship between the insured and beneficiary and with this knowledge continued to collect premiums, is unconvincing, since the only evidence on the subject is that neither the company nor its agent ever had any knowledge on the subject, save as it appeared in the application, until the death certificate was received. Hence, without deciding whether the defense of lack of insurable interest can be waived, we hold that no facts constituting a waiver have been shown. And it is well settled that the incontestible clause does not prevent the insurer from asserting this defense. Bromley's Adm'r v. Washington Life Ins. Co., 122 Ky. 402, 92 S.W. 17, 5 L.R.A.,N.S., 747, 121 Am.St.Rep. 467, 12 Ann.Cas. 685; Clement v. Insurance Co., 101 Tenn. 22, 46 S. W. 561, 42 L.R.A. 247, 70 Am.St.Rep. 650; Wharton v. Home Security Life Ins. Co., 206 N.C. 254, 173 S.E. 338; Henderson v. Life Ins. Co. of Virginia, 176 S.C. 100, 179 S.E. 680.

Affirmed.