**ATLANTIC OIL COMPANY, Appellant,**

v.

**George D. PATTERSON, District Director of Internal Revenue, Appellee.**

No. 20809.

United States Court of Appeals
Fifth Circuit.

April 23, 1964.

Erle Pettus, Jr., Birmingham, Ala., Rives, Peterson, Pettus & Conway, Birmingham, Ala., of counsel, for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Macon L. Weaver, U. S. Atty., Birmingham, Ala., I. Henry Kutz, Gary P. Smith, Attys., Dept. of Justice, Washington, D. C., E. Ray Acton, Asst. U. S. Atty., for appellee.

Before RIVES, BELL and WRIGHT,* Circuit Judges.

PER CURIAM.

Proceeds of a life insurance policy are not includable in gross income and therefore not taxable. Internal Revenue Code of 1954, § 101(a) (1). The question presented by this appeal is whether the accident insurance policy in suit was void as a wagering contract, and its proceeds therefore taxable. The jury so found. We find no basis in the record for disturbing the jury's verdict.

The taxpayer's "company policy" is to have accident insurance on its truck drivers. The life insurance proceeds are to be paid to the employer; certain health benefits are to be paid to the employee. The employer chooses the insurance company and pays the premiums. The employee merely signs his name as the applicant for the policy.

In 1957 when its truck driver, Webster, was killed, the taxpayer applied for and received the $28,750 proceeds on this policy. The Commissioner disallowed the exclusion [1] of the proceeds from gross income. The taxpayer paid the tax and sued for refund. The trial court charged the jury that the taxpayer had no insurable interest in the driver's life that would permit it to take out a valid insurance policy on him. The trial court further charged the jury that if the driver himself voluntarily took out the policy of insurance, it was valid, and he had a "perfect right to name" the taxpayer as beneficiary of the death benefits. The jury was charged, however, that if this action of the driver was the result of "compulsion or some coercion, economic or otherwise," then the jury would

---

* Of the D. C. Circuit, sitting by designation.

1. When Webster's wife, through counsel, made a demand on the taxpayer for the proceeds of the policy, the claim was compromised for $7,500. The taxpayer excluded the balance of the proceeds from gross income.

find that the taxpayer had really taken out the policy, that the policy was therefore void as a wagering contract, and that therefore the funds were not proceeds excludable from the taxpayer's income. See National Life & Accident Ins. Co. v. Middlebrooks, 27 Ala.App. 247, 170 So. 84 (1936); Carter v. Continental Life Ins. Co., 73 App.D.C. 60, 115 F.2d 947 (1940). There was no exception to these instructions and appellant does not attack them now.

We have studied the record and find that the jury's verdict has substantial basis therein. Pretermitting the question as to whether or not it is against public policy for an employer to be the death beneficiary on persons who drive its trucks, the evidence at the very least showed that unless the employee, Webster, agreed to take out the policy in behalf of the company, he would not be employed. The jury could well have found that this constituted economic coercion and thus concluded that the death payments were not proceeds of a valid insurance policy excludable from taxpayer's income.

Affirmed.