PEMBROKE v. LOGAN.

Opinion delivered April 25, 1903.

1. PLEADING—FAILURE TO ANSWER CROSS-COMPLAINT—WAIVER.—Plaintiff's failure to answer defendant's cross-complaint will be regarded as waived where defendant went to trial without asking for judgment for want of such answer.   (Page 365.)

2. STATUTE OF FRAUDS—PART PERFORMANCE.—Payment of the purchase price in full and making of valuable improvements on land bought takes a verbal sale out of the statute of frauds.   (Page 366.)

Appeal. from Chicot Chancery Court.

MARCUS L. HAWKINS, Chancellor.

Reversed.

*Baldy Vinson,* for appellants.

---

There had been a sufficient part performance to take the case out of the statute of frauds. 40 Ark. 391; 55 Ark. 583; 1 Ark. 391; 9 Pa. St. 79. The memorandum was sufficient, under the statute of frauds. 9 U..S. 142; 66 Cal. 69; 3 G. Gr. (Ia.) 430; 13 Mass. 87; 165 Mass. 328; 11 N. J. Eq. 349; 2 Phill. Ev. 96, 182; 131 Pa. St. 230; 12 Pet. 161. The statute of frauds must be pleaded, to be available as a defense. 1 Ark. 391; 10 Ala. 444; 32 Ark. 97; 85 Ala. 53; 15 Ark. 322; 6 Cal. 149; 5 Ill. 146; 6 Ill. 193; 7 Ill. 684; 69 Ill. 639; 54 Me. 196; 77 Me. 91; 70 Mass. 447; 63 Mo. 78; 67 Mo. 512. No reply having been made to the counterclaim, the sale is admitted. Sand. & H. Dig. § 5733; 51 Ark. 368; 49 Ark. 430; 25 S. W. 750; 34 *Ib.* 497; 64 N. Y. S. 747; 51 App. Div. 47; 126 N. C. 218.

HUGHES, J. The appellee sued the appellant in 1892 for the rent for 1896, 1897 and 1898 of one-half interest in an acre of land and a store house, which had been owned in common by appellee and appellant, Ed Pembroke, as partners in the mercantile business, and in the same complaint in equity asked that a conveyance which Ed Pembroke had made of the property to his wife be cancelled and set aside as fraudulent as against him. Ed Pembroke filed an answer and cross-complaint, in which he denied that he owed anything for the rent of the store and lot, and alleged that in 1886 he bought by verbal agreement the interest of Logan, the appellant, in the store house and the one acre of land and in the stock of goods on hand therein, and that he paid the purchase price, and that Logan agreed to make him a deed therefor, and that he made improvements upon the acre of ground under this contract.

There was no answer to this cross-complaint. But the parties went to trial, and no advantage was sought to be taken of the want of answer to the cross-complaint. The appellant did not ask for judgment for the want of an answer to the cross-complaint, and hence by going to trial treated the matters therein as at issue.

The books of the firm as merchants were introduced as evidence, and in one of the books there appears a statement of account between the appellee and Ed Pembroke, the appellant, in which the appellee, Logan, is credited with the price of store and goods and several other items, showing the balance due Logan, and it appears from the testimony that Logan himself made this statement. But Logan swears that when this statement on the books was made

the word "store" was not in it, and that it has been placed there since. He swears that he only sold Ed Pembroke his interest in the goods, and that his interest in the store was not included in the sale. But Pembroke in his testimony says that he bought Logan's interest in the store and acre of ground on which it stood and in the remaining stock of goods for $250, and the assumption by him of a balance due to a Mrs. Sayre on the original purchase from her of the stock of goods, all which he paid in full. The amount was $550, which he paid. There is no dispute that he paid all he agreed to pay. The evidence of Logan is that the assessed value of the store was $250, which he tried to have the county court reduce. He had proposed before they traded to buy out Pembroke, but wanted to pay him only $125 for his half. Logan paid the taxes on the property for 1886, and carried Pembroke the receipt, remarking, "Ed, I have paid your taxes, and here is the receipt," whereupon Pembroke went behind the counter, and gave Logan the money for it. It is shown in the cross-examination of Logan that Pembroke, in 1898, built a dwelling house on the lot, and that he (Logan) was cognizant of this, and made no objection, and said nothing about his interest. This was after the trade in 1886.

We have carefully considered the evidence in this case, and are of the opinion that the decree in favor of Logan is erroneous, being against the clear preponderance of the evidence, and that it should be reversed. The amount paid by Pembroke compared with the value of what Logan contends he sold Pembroke, the fact that Pembroke erected his dwelling on the lot in 1898, which Logan knew at the time, without any intimation from Logan that he then owned an interest in the lot, and the fact of the settlement on the books made by Logan, unless it was a forgery, which is not to be presumed, and all the circumstances of the case, show in our judgment clearly and to our satisfaction that the interest of Logan in the store house and lot and the stock of goods was bought and paid for by Pembroke, and that he under the contract of sale, which was not in writing, made valuable improvements upon the lot, which facts were sufficient to take the case out of the statute of frauds, being part performance of their contract.

The decree is reversed, and this case will be remanded to the circuit court, with directions to enter a decree in accordance with this opinion.