RYAN, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, March 27, 1906.

1. **LIFE INSURANCE: Insurable Interest: Public Policy.** The beneficiary in a life insurance policy, procured by himself on the life of his cousin, could not recover on the death of the insured because the beneficiary had no insurable interest in the life of the deceased, and the contract was void as contrary to public policy.

2. ———: ———: ———: **Burden of Proof.** In an action on an insurance policy which showed on its face a degree of relationship not entitling the beneficiary to take out insurance on the life of the deceased, the burden was on the plaintiff to show he had a pecuniary interest in the life of the insured which gave him a right to procure insurance on it.

Appeal from St. Louis City Circuit Court.—*Hon Walter B. Douglas,* Judge.

REVERSED.

*Nathan Frank* and *Max W. Oliver* for appellant.

It is the settled law in this State that one who takes out a policy of insurance on the life of another must have some pecuniary interest in the continuance of the life insured. Ins. Co. v. Rosenheim, 56 Mo. App. 33; Gands v. Life Ins. Co., 50 Mo. App. 44. (a) A policy of insurance procured by one on the life of another for the

benefit of the former who has no pecuniary interest in the continuance of the life insured, is against public policy and void. Singleton v. Insurance Co., 66 Mo. 63. (b) The mere relationship of cousin does not constitute an insurable interest, so that one cousin may for his own benefit, insure the life of his own cousin, pay all the premiums himself and then be entitled to recover on the contract in a court of law. Whitmore v. Supreme Lodge, 100 Mo. 36, 13 S. W. 495; Reynolds v. Prudential Ins. Co., 88 Mo. App. 679.

*Wm. A. Kinnerk* for respondent.

GOODE, J.—Appellant is an incorporated company organized under the laws of the State of New York. Respondent is a resident of the city of St. Louis and the beneficiary named in the policy which was issued September 22, 1902, on the life of John P. Ryan, a cousin of the respondent. The policy provided that in consideration of the premium of fifteen cents a week, to be paid weekly, appellant, on the death of said John P. Ryan, would pay respondent the sum of $201. John P. Ryan died October 14, 1903, something more than a year after the date of the policy. The insurance policy had been written on his life by procurement of respondent, for the latter's benefit, and respondent had paid what premiums were paid.

One of the defenses was that the policy became forfeited, prior to the death of the assured, for non-payment of premiums. This proposition is contested by respondent, but we find it unnecessary to go into it because we think the judgment must be reversed for another reason. Suffice to say, regarding the payment of premiums, that respondent paid them promptly for several months and then there was a lapse in the payments, which appellant asserts was due to respondent's fault, and respondent to the fact that appellant's agent ceased

to call on him for premiums as by custom should have been done. At the time of the death of the insured there was an arrearage of premiums amounting to $1.65. The day after the death of Ryan, respondent called at appellant's office in St. Louis and asked the amount of premiums in arrears. He was informed, and on the afternoon of the same day left the amount at the residence of appellant's agent with the agent's wife. On discovering that the insured had died the day before this occurred, appellant offered to return the premiums to respondent, but the latter refused to receive them. Respondent swore he was not aware, when he inquired about the arrearage of premiums on October 15, 1903, that his cousin was dead, though he had been sick for some time in the city of St. Louis, where both resided. Issues of fact were framed in regard to these matters and submitted to the jury.

The policy of insurance recited on its face that the insured and respondent, the beneficiary, were cousins. The evidence introduced by respondent proved that fact and also that respondent himself procured the insurance on the life of the deceased. At the conclusion of the testimony for respondent, appellant asked that a verdict be directed in its favor; which instruction was refused, as was a similar one at the conclusion of all the evidence.

In our opinion appellant was entitled to a verdict for the reason that respondent had no insurable interest in the life of the deceased, and it is universal law in this country, that, in such instances, the policy will be treated as a wager on human life and a recovery denied. [Singleton v. St. Louis Mut. Ins. Co., 66 Mo. 63; Whitmore v. Ins. Co., 100 Mo. 36, 13 S. W. 495; Reynolds v. Ins. Co., 88 Mo. 679; Warnock v. Davis, 104 U. S. 775.] This doctrine is firmly established and it is useless to inquire regarding the principles on which it is founded, or its wisdom.

It is suggested that the burden was on appellant to

show respondent had no pecuniary interest in the life of the deceased as creditor or otherwise. In Singleton v. Ins. Co. this proposition was considered by the Supreme Court and the rule announced that when the policy of insurance shows on its face a degree of relationship not entitling the beneficiary to take out insurance on the life of the deceased, the policy is, prima facie, void at common law and the burden is on the beneficiary to show that he had some pecuniary interest which gave him the right to procure the insurance. That opinion is controlling in the present case.

The judgment is reversed. All concur.