CLARENCE E. MINOR, Respondent, v. SARAH A. GARHART et al., Appellants.

Kansas City Court of Appeals, December 3, 1906.

COSTS: Losing Party: Discretion of Court. Where the total finding of all the issues is against a party there is nothing to bring into operation the discretion of the court in taxing the costs and an attempt to do so is error.

Appeal from Chariton Circuit Court.—*Hon. John P. Butler,* Judge.

REVERSED.

*H. J. West* and *Fred Lamb* for appellant.

In the case at bar the defendants were the prevailing parties. The plaintiff wholly failed on every issue. No equity was adjudged in his favor. The court erred in taxing the costs made by defendants against them. R. S. 1899, secs. 1547, 1549, 1550, 1559; Hawkins v. Nowland, 53 Mo. 328; DuPont v. McLaran, 61 Mo. 511; Turner v. Johnson, 95 Mo. 452; Bender v. Zimmerman, 135 Mo. 58; Schumacker v. Mehlberg, 96 Mo. App. 598.

*J. A. Collett* for respondent.

No briefs filed for respondent.

ELLISON, J.—Plaintiff, a minor, brought his action in the circuit court of Chariton county, charging that in the lifetime of John Garhart he promised to adopt plaintiff as his child and make him his legal heir in consideration of certain matters and things set forth in the petition. He prayed the court for a decree declaring him to be an heir and entitled to a share in the said Garhart's estate. At the close of the evidence in plaintiff's behalf, the trial court sustained an instruction in the nature of a demurrer to the evidence and rendered judgment for the defendants. But the court adjudged that each party pay his own costs. From the judgment as to costs the defendants have appealed.

We are of the opinion that it was error to adjudge any of the costs against defendants. They prevailed in the action and were therefore entitled to a judgment against the plaintiff as the losing party, for their costs. The statute (section 1547, Revised Statutes 1899) provides:

"In all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." Section 1549 provides: "When any defendant, in any action, shall plead several matters, any of which shall, upon demurrer joined, be adjudged insufficient, or if a verdict shall be found on any issue in the case for plaintiff, costs shall be given at the discretion of the court." Section 1550 provides: "When there are several counts in any petition, and any one of them be adjudged insufficient, or a verdict or any issued joined thereon shall be found for the defendant, costs shall be awarded at the discretion of the court."

This case was simply a total finding of all issues against the plaintiff. There was nothing in the proceeding had in the trial court to bring into operation the discretion of the court and the costs should not have been divided between the parties as the law placed the entire obligation upon the losing party. [Hawkins v. Nowland, 53 Mo. 328; DuPont v. McLaran et al., 61 Mo. 511; Turner v. Johnson, 95 Mo. 452; Bender v. Zimmerman, 135 Mo. 58; Schumacher v. Mehlberg, 96 Mo. App. 598.]

The judgment as to the costs will therefore be reversed to the end that judgment for the whole thereof shall be adjudged against plaintiff. All concur.