## WEST v. BURKS.

### Opinion delivered April 12, 1909.

1. PLEADING—FAILURE TO ANSWER CROSS-COMPLAINT—WAIVER.—Plaintiff's failure to answer defendants' cross-complaint will be regarded as waived where defendants went to trial without insisting on an answer, and treated the allegations of the cross-complaint as at issue. (Page 157.)

2. NEW TRIAL—JUDGMENT ON CONSTRUCTIVE SERVICE—PRACTICE.—Where the defendant in a suit against whom judgment has been rendered on constructive service appears and moves for a new trial, under Kirby's Digest, § 6259, he is not entitled to have the judgment vacated during the hearing of the motion; if on the hearing the judgment is found to be erroneous, it is the duty of the court to modify it or set it aside. (Page 157.)

Appeal from Little River Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*J. T. Cowling,* for appellants.

The statute allows defendants constructively summoned to appear within two years and make defense, and requires that the action be tried anew as to such defendants, as if there had been no judgment. Kirby's Dig. § 6259. The granting of the new trial set aside all former proceedings, including the sale by the commissioner, and judgment should have been rendered for appellants on their cross-complaint for want of reply.

*J. D. Burks, pro se.*

McCULLOCH, C. J. Plaintiff, J. D. Burks, instituted this action in the chancery court of Little River County against defendants, Clarence West and his wife, Ollie West, to foreclose a mortgage on real estate executed to him by the defendants. The defendants were nonresidents of the State, and were constructively summoned to appear in the action.

A decree was rendered at the November term, 1906, foreclosing the mortgage and ordering the sale, by a commissioner, of the land described in the mortgage, for the satisfaction of the debt secured. On a later day of the same term the defendants appeared and filed their motion to set aside the decree in accordance with the statute, and asked to be permitted to make a defense to the plaintiff's cause of action. They filed their answer and also a cross-complaint, setting up certain defenses and counterclaims

against plaintiff; and at a subsequent term of the court a retrial of the cause was had before the chancellor, who refused to set aside the decree formerly rendered, and confirmed the same. It would serve no useful purpose to discuss in detail the evidence adduced at the trial. The testimony was conflicting, and we are of the opinion that it clearly preponderates in favor of the finding of the chancellor, and that his findings should not be disturbed.

It is contended on behalf of defendants that, as the plaintiff filed no answer to their cross-complaint, the same should have been taken as confessed, and a decree in their favor should have been rendered thereon. They went to trial on their cross-complaint without insisting on an answer, and treated the allegations thereof as having been made issues in the case. They therefore waived the filing of an answer to their cross-complaint. *Pembroke* v. *Logan*, 71 Ark. 364; *Cribbs* v. *Walker*, 74 Ark. 104.

During the pendency of defendant's motion for retrial of the case, the commissioner proceeded with the sale of the land under the orders of the court, and sold it to the plaintiff. It is contended that the order of sale should have been set aside pending the hearing of the motion, and that the court erred in allowing the sale to stand. The statute provides that a defendant against whom a judgment has been rendered on constructive service may appear at any time within two years after the rendition thereof and move to have the cause retried; "and, security for the costs being given, such defendant or defendants shall be permitted to make defense, and thereupon the action shall be tried anew as to such defendant or defendants as if there had been no judgment, and upon the new trial the court may confirm, modify or set aside the former judgment and may order the plaintiff in action to restore to any such defendant or defendants any money of such defendant paid to them under such judgment, or any property of such defendants obtained by the plaintiff under it and yet remaining in his possession," etc. Kirby's Digest, § 6259.

This court, in speaking of the remedy under this statute in *Porter* v. *Hanson*, 36 Ark. 591, said: "They (defendants) risk the costs, and are entitled to have the matter of merits determined on demurrer or evidence after the doors are opened. They

have no right, however, to have the former judgment, meanwhile, vacated on motion. It remains until the case is retried, to be then confirmed, modified or set aside." The same rule was announced by this court in *Pearson* v. *Vance,* 85 Ark. 272.

It follows from this that no part of the judgment or decree should be set aside until, on the retrial of the case, it shall have been found to be erroneous, and then it is the duty of the court either to "confirm, modify, or set aside the former judgment." The court may sometimes, in the interests of justice, where a motion by a non-resident defendant for retrial is made, stay process for the enforcement of the judgment until a retrial on the merits can be had. But in the present case the court was not asked to do this; and, even if it had been asked, no prejudice resulted, inasmuch as on the final hearing of the case the plaintiff prevailed, and the court refused to set aside the decree.

We find no error in the record, and the decree of the chancellor is affirmed.

BATTLE, J., absent.