## WARD *v*. BLYTHE.

### Opinion delivered November 8, 1909.

PLEADING—FAILURE TO ANSWER—WAIVER.—Where a plaintiff sued several defendants, and one of them failed to answer, and the plaintiff went to trial without asking a judgment against such defendant, he will be held to have waived the want of an answer, and cannot take advantage thereof on appeal.

Appeal from Cross Chancery Court; *Edward D. Robertson,* Chancellor.

*T. E. Hare,* for appellants.

When no objection is made to evidence, the complaint must be considered as amended to conform to it. 29 Ark. 323; 40 Ark. 352.

*John B. Jones,* for appellee.

A stipulation in a deed of trust that the contract shall be governed by the laws of some particular State is binding on the parties thereto, although executed in another State. 64 Ark. 39; 34 Miss. 181; 62 L. R. A. 45.

*T. E. Hare,* in reply.

Only the maker, his vendees, assigns or creditors, can plead usury. 66 Ark. 125.

BATTLE, J. T. S. Blythe borrowed of H. C. Grigger $1,500, and in consideration thereof executed to him his note for $1,725 and ten per cent. per annum interest from maturity, the note being dated January 11, 1902, at Smithdale, Arkansas, and payable one year after date at the First National Bank of Memphis, Tennessee. Blythe and his wife, Fannie M. Blythe, conveyed certain lands in the State of Arkansas to Joe Ward in trust to secure the payment of the note. In the deed of trust it was stipulated: "This contract embodied in this conveyance and the note secured hereby shall in all other respects be construed according to the laws of the State of Arkansas, where the same is made." The mortgage was duly acknowledged and filed for record on the 18th day of January, 1902. On the 24th day of October, 1902, Blythe sold and conveyed the land to O. N. Killough, and entered into the following agreement in writing as to such sale:

"The said T. S. Blythe guaranties the lands this day sold to O. N. Killough are incumbered only for the following amounts, for which amounts mortgages have been by him executed, to-wit: $3,267 of date 1-11-1902, to Crosgry, trustee, on November 15, 1903; $500 of date 8-12-1902, to Cross County Investment Company, due 2-12-1903; and that this is all the debts and liens against the lands, except for $1,725 to one Grigger, which Blythe states is usurious and void, and Blythe agrees to resist the payment of the same, provided suit is brought against him to recover. O. N. Killough agrees on his part to satisfy and pay all the liens existing at this time on the lands this day purchased of Blythe that may be declared legal."

Ward and Grigger are citizens and residents of the State of Tennessee, and Blythe and his wife are citizens and residents of the State of Arkansas.

On the 24th day of August, 1903, Ward and Grigger brought suit on the note and deed of trust in the Cross Chancery Court against Blythe and his wife, and O. N. Killough and Blanche Killough, his wife, to foreclose the deed of trust. An answer was filed for Blythe, in which he alleged that the note was void for usury. Killough and his wife did not answer, and no judgment was rendered against them on account of the failure to do so. Evidence was adduced which proved that Blythe borrowed of Grigger $1,500 and executed to him the note sued on in consideration of the same.

Upon final hearing the court found "for the plaintiff in the sum of fifteen hundred dollars, and that the same bear interest at six per cent. per annum from the date of the note," and rendered judgment in favor of plaintiff H. C. Grigger for $2,050, and decreed that the deed of trust was a lien on the lands for that amount, and ordered the same sold to satisfy the lien. Plaintiffs appeals.

An answer by Killough to the complaint was waived by plaintiff by the failure to take judgment against him and going to trial. The parties thereby treated the cause at issue, and cannot now take advantage of the failure to answer. *Pembroke* v. *Logan,* 71 Ark. 364; *Cribbs* v. *Walker,* 74 Ark. 104.

Killough, by the stipulation made by him in the purchase of the lands, did not unconditionally assume payment of the note of Blythe for $1,725. Blythe represented the note as usurious and void, and agreed to resist the payment of the same, provided suit should be brought against him to recover, and only so far as it may be declared legal did Killough agree to pay it, and only to that extent he is bound. By the stipulation in the deed of trust the parties made the note and deed an Arkansas contract. *Lanier* v. *Union Mortgage, Banking & Trust Co.,* 64 Ark. 39. And, being such, they are void for usury. Appellants therefore have no right to complain, and appellees do not.

Decree affirmed.