COTTON *v*. MUTUAL AID UNION.

Opinion delivered February 18, 1918.

1. APPEAL AND ERROR—INSUFFICIENCY OF THE ANSWER—OBJECTION ON APPEAL.—After a cause has been tried and judgment rendered, it is too late to complain, for the first time on appeal, that the answer was defective.

2. INSURANCE—INSURABLE INTEREST.—A person who insures the life of another, in which he has no insurable interest, can not enforce the contract for the reason that it is a wagering contract and contrary to public policy.

3. INSURANCE—LIFE—INSURABLE INTEREST.—The fact that the two men are second cousins will not warrant an inference that the one has an insurable interest in the life of the other.

4. CONTRACTS—WAGERING CONTRACT—LIFE INSURANCE POLICY.—The courts will not enforce a wagering contract or one that is void as against public policy, irrespective of the mental attitude of either or both parties toward it.

Appeal from Searcy Circuit Court; *John I. Worthington*, Judge; affirmed.

*D. T. Cotton*, for appellant.

1. The only defense was that the beneficiary had no insurable interest in the life of the insured. This is a negative pregnant and denied nothing but indirectly alleges that appellant did have an *interest* in the life of Frank Cotton. 53 Ind. 380. It pleaded merely a conclusion of law without stating the facts. Cooley's Briefs on Insurance, 324.

2. It was not a wagering contract. Cooley, Briefs on Ins. 325; 28 S. E. 200. The lack of insurable interest

must be raised by answer.  18 Pac. 537; 25 N. W. 620; 66 *Id.* 847; 12 La. Ann. 35.

3.  The application shows that appellant was a second cousin.  The company can not be heard to say it was not aware of the lack of interest.  125 Fed. 536.

4.  He was entitled to recover as trustee for the heirs, etc.  96 Ky. 132; 28 S. W. 334; 100 Ky. 606; 38 S. W. 1057; 36 Atl. 981; 43 N. E. 893; 45 Am. St. 693; 75 Tex. 338; 16 Am. St. 893; 27 S. W. 286.  See also 4 Zabr. 576; 52 Mo. 213.

5.  Contracts of insurance in favor of one who has no insurable interest are not prohibited by law nor public policy.  Cooley, Briefs on Ins. 246; 2 Duen (N. Y.) 419; 2 E. D. Smith, 268; 23 N. J. 486; 70 Md. 261; 16 Atl. 890; 2 L. R. A. 844.  See also 31 Fed. 177; 77 Am. St. 350; 110 Ill. 551; 87 Am. St. 478; 9 R. I. 346; 28 S. E. 200; 55 N. Y. S. 292.

6.  It is not a wagering contract.  See 186 S. W. 520; 154 *Id.* 906; 150 *Id.* 649; 30 N. Y. S. 824; 19 Am. St. 376; 5 N. E. 634; 191 S. W. 529; 126 Ark. 92.

*Dick Rice,* for appellee.

1.  No objection was made to the answer in the lower court.  It is too late after going to trial on the merits. 35 Ark. 109; 33 *Id.* 107; 47 *Id.* 493; 78 *Id.* 53.  If it stated only conclusions of law and is defective it could only be reached by demurrer or motion to make more definite and certain.  24 Ark. 260; 72 *Id.* 478.  If parties treat the answer as tendering an issue and go to trial on the issue, the insufficiency of the answer can not be raised.  78 Ark. 53; 72 *Id.* 66; 92 *Id.* 208.

2.  Appellant had no insurable interest.  The contract was a mere wager.  98 Ark. 52; 105 *Id.* 281; 116 *Id.* 527; 25 Cyc. 703.  The burden was on appellant to prove an insurable interest.  7 Enc. Ev. 499; 25 Cyc. 926; 98 Ark. 52; Ann. Cas. 1916, C 584; 23 N. Y. 516.

3.  Appellant is not a trustee.  The contract was void. 119 Ark. 498, 502.

HUMPHREYS, J.   Appellant brought suit against appellee in the Searcy Circuit Court to recover $79.44 on a life insurance policy issued by appellee on the 1st day of April, 1916, on the life of Frank Cotton, in which policy appellant was made the beneficiary.   The policy provided that upon the death of Frank Cotton appellee would, "within thirty days after the receipt, at the home office at Rogers, Arkansas, of satisfactory proof of the death of said applicant, pay Phelps Cotton, whose address is Leslie, Arkansas, if living, if not, then to the guardian, executor or administrator of said applicant, to be held in trust for the sole benefit of the legal heirs, the sum of money herein set forth."   It was alleged in the complaint that Frank Cotton died on the ............... day of September, 1916.

Appellee pleaded as one of its defenses that appellant "had no insurable interest in the life of the insured, Frank Cotton, and had no lawful right to insure the life of the said Frank Cotton and cause himself to be named as beneficiary in the certificate of insurance, and for that reason is not liable to the plaintiff on the certificate of membership sued on herein."

The cause was submitted to the court, sitting as a jury, on certain documentary evidence and an agreed statement of facts.

It was adjudged that appellant take nothing by the action, and from that judgment an appeal has been prosecuted to this court.

Appellant procured the certificate of insurance on the life of Frank Cotton, which is the basis of this action, and paid the premiums and assessments under the terms of the policy until the death of the insured.   Appellant applied for the policy and signed Frank Cotton's name to the application.   Appellant was twenty-nine years of age at the time he brought the suit and resided at Leslie, in Searcy County, Arkansas, four miles from the home of the insured, and was a second cousin of the insured.   The application for the insurance was made in April, 1916, and the insured died in July, 1916.

(1)  The cause was tried upon the issue of whether appellant had an insurable interest in the life of Frank Cotton, the insured.  Appellant insists that the trial court erred in dismissing his complaint because appellee pleaded its defense of no insurable interest in the form of a negative pregnant.  It is true the answer is insufficient in that it states a conclusion of law instead of stating facts from which a conclusion might be drawn, but the parties treated the issue of whether appellant had an insurable interest in the life of the insured as properly and correctly pleaded.  The cause was submitted and tried upon that theory.  This defect in the answer can not be taken advantage of for the first time on appeal.  *J. I. Porter Lbr. Co.* v. *Hill,* 72 Ark. 62; *Cook* v. *Bagnell Timber Co.,* 78 Ark. 53.  This cause was submitted upon a particular issue, so it is immaterial on appeal whether any answer was filed.  *Pembroke* v. *Logan,* 71 Ark. 364; *Cribbs* v. *Walker,* 74 Ark. 104; *Ward* v. *Blythe,* 92 Ark. 208.

(2)  Under the record in this case, the only relationship that existed between appellant and the insured, Frank Cotton, at the time the policy of insurance was issued, was that of second cousins.  They did not live together.  It did not appear that appellant was dependent upon the insured for support and maintenance or that the insured was indebted to him.  This court is firmly committed to the doctrine that a person who insures the life of another, in which he has no insurable interest, can not enforce the contract for the reason that it is a wagering contract and contrary to public policy.  *McRae* v. *Warmack,* 98 Ark. 52; *Langford* v. *National L. & A. Ins. Co.,* 116 Ark. 527; *Security Mutual Life Ins. Co.* v. *Little,* 119 Ark. 498.

(3)  The case of *McRae* v. *Warmack, supra,* is also authority to the effect that blood relationship of uncle and nephew is not, in itself, sufficient to show an insurable interest on the part of the one in the life of the other.  So it follows that the mere fact that appellant was a second cousin to the insured will not warrant an inference that he had an insurable interest in the life of the insured.

(4) It is said by appellant, however, that appellee is estopped to avail itself of the plea of ''no insurable interest'' because it knew that they were only cousins at the time the policy was issued. This court is committed to the doctrine that it will not enforce a wagering contract. It has announced in unmistakable terms that the courts of this State will not aid either party in enforcing a contract which is void as against public policy. *Security Mutual Life Ins. Co.* v. *Little,* 119 Ark. 498.

It is insisted by appellant that he should be treated as a trustee for the legal heirs of the insured for the reason that the contract provides that in case appellant should die before the insured, then the appellee should pay the insurance to the guardian, executor or administrator of the insured, to be held in trust for the sole benefit of the legal heirs of the insured. The contingency provided by the contract never happened. The insured died before the beneficiary, and this is a suit by the beneficiary against the insurance company upon the primary undertaking in the contract. Appellant brought this suit for himself, and he can not recover on a contingency which has never happened.

No error appearing in the record, the judgment is affirmed.

