Southern Mutual Life Insurance Company v. Perry.

Opinion delivered June 21, 1920.

1. INSURANCE—RIGHT TO RECOVER—BURDEN OF PROOF.—One who sues on a policy of insurance has the burden of proving the right to recover.

2. INSURANCE—INSURABLE INTEREST.—The principle upon which life insurance is based is that one who has a reasonable expectation of benefits and advantages growing out of the continuance of the life of the insured has such an interest in his life that he may insure same.

3. INSURANCE—WAGERING CONTRACT.—The issue of a policy of life insurance to one who has no insurable interest in the life of the insured, but who pays the premiums for the chance of collecting the policy, is invalid because it is a wagering contract, and against sound public policy.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk*, Judge; reversed.

*C. P. Harnwell*, for appellant.

A verdict should have been directed for appellant. The appellee has no insurable interest in the life of her cousin. She was not dependent on Sally Cox, but simply was her cousin and paid the premiums. The policy was void—nothing but a wagering contract, and against public policy. 33 L. R. A. (N. S.) 949; 98 Ark. 52; 105 *Id.* 281. The statements in the policy were warranties of their truth, and the evidence shows her statements as to her age were false, as also other material statements. 103 Ark. 202; 111 *Id.* 554. The case should be reversed and dismissed. 104 Ark. 538.

*S. A. Jones and Carmichael & Brooks*, for appellee.

1. The company was bound by the acts of its agent in accpeting premiums from appellee. 129 Ark. 450.

2. The evidence is ample to sustain the verdict, and it is conclusive.

WOOD, J. This action was brought by the appellee against appellant on a policy of insurance issued by the

appellant to one Sally Cox. The appellee was named as beneficiary in the policy.

Appellee testified that Sally Cox carried a policy with appellant. She identified the policy and same was introduced in evidence. Appellee testified on direct examination that Sally Cox died in November, 1915; that all of the dues had been paid promptly. On cross-examination she testified that she (appellee) had receipts at the time Sally Cox died for all the premiums. Appellant would send appellee the receipts; would send her a notice a few days before the premiums were due; she (appellee) would send the money back to appellant and it would receipt her on a card. Sally Cox was her cousin.

At this juncture the witness was excused, and another witness was examined touching the proof of death, after which appellee was recalled for further direct examination. Her counsel asked, among others, the following questions:

"Q. They collected from her regularly, did they?

"A. They did collect from her regularly.

"Q. Did you know anything about the policy having been issued at the time it was issued?

"A. I knew nothing about it at the time it was issued.

"Q. You did not secure it yourself?

"A. Did not; was not present."

On further cross-examination appellee testified that one day the agent came to her house and told her that the policy was made to her, and that Sally Cox had no change, and asked witness to pay that particular premium, and witness paid it. She could not remember the date.

Further testimony was developed, but from the conclusion we have reached on the above testimony, it is unnecessary to set forth the other testimony.

Appellant prayed the court to direct the jury to return a verdict in its favor, which prayer the court refused. The trial resulted in a judgment in favor of the appellee, from which is this appeal.

The court erred in refusing appellant's prayer for a directed verdict. The undisputed testimony of the appellee shows that the appellee and Sally Cox were cousins. The burden was upon the appellee to prove that she was entitled to recover under the contract of insurance.

The only conclusion that any reasonable mind could reach from the testimony of appellee is that she paid the premiums on the policy issued by appellant to Sally Cox. If there had been no peremptory instruction, the only verdict that the jury could have returned under appellee's testimony would have been to the effect that the premiums were paid by the appellee; for that is the only possible way that the jury could have reconciled her testimony, which it would have been its duty to do.

When appellee was first examined, she swore positively that the appellant would send her the notice before the premiums were due and that she would send the money back to appellant and appellant would receipt her. The only possible way that this testimony can be reconciled with her subsequent statement that the appellant collected from Sally Cox regularly is to say that appellee furnished Sally Cox the money with which to pay the premiums. Any other view would be a stultification of the testimony of the witness and, on its face, would put same beyond the pale of competent testimony. For a party, who is also a witness, will not be allowed to declare in one breath a certain state of facts and in the next, without explanation, declare the opposite. Under such conditions the two statements would neutralize and nullify each other, and in legal effect same would be tantamount to no testimony. The positions assumed by the party would be wholly inconsistent.

We conclude, therefore, that the undisputed evidence shows that the appellee paid the premiums on the policy in controversy, and that she was the cousin of Sally Cox. There is no testimony tending to show that appellee was dependent upon Sally Cox, and no testimony to furnish

appellee reasonable grounds to expect that Sally Cox would support or aid her in any way.

In *McRae* v. *Warmack,* 98 Ark. 56, we said: "The principle upon which life insurance is based is that one who has a reasonable expectation of benefits and advantages growing out of the continuance of the life of the assured has such an interest in his life that he may insure the same. But where one is not thus interested in the life of the assured, but by insuring such life is rather interested in his early death, the contract of insurance is a mere wager, and against a sound public policy. Such contracts, it has been thought, would, if upheld, result in a mere traffic in human life, and would lend a great incentive to one thus disinterested in the life but interested in the death of the assured to shorten that life. It is, therefore, well settled that the issue of a policy to one who has no insurable interest in the life of the insured but who pays the premium for the chance of collecting the policy is invalid because it is a wagering contract and against a sound public policy."

For the error in refusing to direct a verdict in favor of the appellant the judgment is reversed and the cause is dismissed.