HILL v. IMBODEN.

Opinion delivered November 15, 1920.

1. PLEADING — FAILURE TO ANSWER CROSS-COMPLAINT — WAIVER.—
Where defendant, in a suit to enforce a mechanics' lien, did not
insist upon a formal answer to his cross-complaint, and went to
trial without asking for a default decree, he is deemed to have
waived the failure to answer.

2. MECHANICS' LIEN—TIME OF FILING CLAIM.—Where the items of
an account on which a mechanics' lien was sought were fur-
nished from time to time under a single contract, it was sufficient
if the claim was filed within ninety days after the last item was
furnished.

3. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S DECREE.—
Where issues of fact were tried almost entirely on the testimony
of the parties themselves, and there is a conflict in their testi-
mony, the chancellor's finding accepting the testimony of one
party as correct will not be disturbed on appeal.

4. MECHANICS' LIEN—BURDEN OF PROOF.—In an action to enforce a
mechanics' lien, the burden is on the claimant to prove that he
delivered the materials.

Appeal from Conway Chancery Court; *Jordan Sel-
lers,* Chancellor; affirmed.

*J. Allen Eades,* for appellant.

1. The whole of the cross-complaint is absolutely
undenied, and hence all material allegations are taken as
confessed. 30 Ark. 362; 93 *Id.* 269; 91 *Id.* 30.

A good plea unanswered is always sustained. 21
Ark. 18; 25 *Id.* 105; see, also, 16 *Id.* 97; 19 *Id.* 96; 56 *Id.*
73; 51 *Id.* 368. Appellant's cross-complaint was unan-
swered, and he was relieved of all proof. It was error to
allow judgment against appellant Hill.

2. Imboden failed to file his materialman's lien
within the ninety days required by law. Kirby's Dig.,
§§ 4981-2; 132 S. W. 1004; 144 *Id.* 919; 102 Ark. 539;
32 *Id.* 59. The title was not filed in time and Hill can
not be charged with a lien.

3. As to the contract to furnish Hill the lumber at
$820. This is set out in the cross-complaint and is un-
denied and no proof was necessary. These positions are
fatal to appellee's case.

*Strait & Strait,* for appellee.

1. The claim for lien was filed in time and the material furnished more than ninety days before the lien was filed. The cause of action accrues from the date of the last item. 14 Ark. 192; 91 *Id.* 968; 51 *Id.* 203; 74 *Id.* 528. The contract was a continuing one and terminated only on the completion of the improvements and the statute bar did not begin to run until the termination of the contract and the completion of the improvements. 25 Ark. 185; 27 *Id.* 343; 103 *Id.* 503.

Appellee was not required to divide his account for material into separate parts from time to time, but had the right to continue furnishing material until the furnishing was completed and then file his lien within the time provided by law. 43 Ark. 275.

2. Appellant was not entitled to judgment by default for failure of the appellee to file answer. The answer was filed though it does not appear in the record. Judgment by default can not be rendered on a claim for unliquidated damages, although it was not answered and no defense interposed, but there must be satisfactory proof by the complaining party. 90 Ark. 158; 1 *Id.* 53; 5 *Id.* 640; 12 *Id.* 599; 29 *Id.* 373; 39 *Id.* 491; 138 *Id.* 171; 60 *Id.* 399; 89 *Id.* 513.

The proof did not justify a recovery by Hill against Imboden. The appeal by Hill is not in good faith but for delay merely.

McCulloch, C. J. Appellant owned a certain lot or tract of real estate in Morrilton and constructed thereon a dwelling house, and barn and other outhouses. Appellee furnished all of the material for the construction of said buildings and filed a lien for the price, nothing having been paid on the bill. Appellee claims $1,720.79 for the price of said building material and he instituted this action against appellant in the chancery court of Conway County to enforce a statutory lien on the real estate on which the said buildings were constructed.

Appellee alleged in his complaint that he asserted a lien in the manner prescribed by statute by filing in the office of the clerk of the circuit court "within ninety days after the things aforesaid shall have been furnished * * * a just and true account of the demand due or owing to him, after allowing all credits, and containing a correct description of the property to be charged with said lien verified by affidavit." Kirby's Digest, § 4981.

Appellant filed an answer denying the allegations of the complaint as to the quantity and price of the material furnished and the filing of the claim within the time prescribed by statute, and he also filed a cross-complaint in which he alleged that appellee made for him estimates that the material for the dwelling house would cost not exceeding $820, and for the barn not exceeding $200, and agreed with appellant to furnish all the material for those buildings at those prices; that the material to be so furnished should be of certain specified grades, and that the material furnished by appellee was of inferior grade, and that appellant sustained damages in the sum of $700 by reason of the use in said buildings by the carpenters of said inferior material.

The case was heard by the chancellor on voluminous testimony of each party given by depositions, as well as other testimony, and a decree was rendered in favor of appellee for the recovery of the full amount of his claim and declaring the amount to be a lien on the real estate on which the buildings are situated.

The first contention of appellant is that appellee failed to answer his cross-complaint, and that the court should have rendered a decree for the amount claimed therein. The record does not show that an answer to the cross-complaint was filed, nor does it show that appellant asked for a default decree on account of the failure to answer. On the contrary, it appears clearly from the record that each of the parties treated the facts alleged in the cross-complaint as being at issue and directed their proof thereto. Since appellant went to trial with-

out insisting on a formal answer to his cross-complaint and without asking for a default decree, he is deemed to have waived the failure to answer. *Pembroke* v. *Logan,* 71 Ark. 364; *Cribbs* v. *Walker,* 74 Ark. 104; *Hardie* v. *Bissell,* 80 Ark. 74; *Ward* v. *Blythe,* 92 Ark. 208.

It is next insisted that the claim for the lien was not filed within the time prescribed by the statute—that is to say, within ninety days after the material was furnished. The proof shows that all of the items of appellee's account were furnished from time to time under a single contract, and that the claim was filed, as prescribed by statute, within ninety days after the last item was furnished. This was sufficient. *Kizer Lumber Co.* v. *Mosely,* 56 Ark. 544; *O'Neal* v. *Lyric Amusement Co.,* 119 Ark. 454; *Burel* v. *East Arkansas Lumber Co.,* 129 Ark. 58.

Finally, it is contended that the findings of the chancellor on the issues of fact are not supported by the evidence. The only serious question on this branch of the controversy is as to the sufficiency of the proof to establish the fact that all of the items of material on appellee's account were delivered to appellant or delivered on the premises where same were to be used in the construction of the buildings. The issues of fact were tried almost entirely on the testimony of the parties themselves, and there is a conflict in their testimony. The chancellor accepted the testimony of appellee as correct. It can not be said that the findings were against the preponderance of the testimony, and in that state of the proof we should not disturb them.

Appellee testified that he agreed with appellant to furnish all the materials for the buildings at ruling market prices and that upon the instructions of the appellant he furnished materials as ordered by the carpenters and other workmen in charge of the work. Appellee's method in the sale of material was to check out the items when ordered and cause same to be loaded on a wagon for delivery, and the items were then entered on a delivery slip,

two carbon copies thereof being made for the drayman or driver who left one of the copies with the person to whom he delivered the material and procured the written receipt of such person endorsed on the other copy which was returned to appellee's office to be placed on file. The accounts against customers were made up of the entries copied from those delivery slips.

Appellee testified that his account against appellant is correct, and he produced with his deposition the delivery slips for each item, but all of those slips were not signed by appellant or the workmen on the job. Many of the slips were not signed, though it was the custom for the carpenters to sign the slips. During the progress of the trial appellant offered to pay to appellee in full of his account all of the items for which receipts had been signed by the workmen on the job, but appellee declined to accept the amount offered in full discharge of his claim.

Appellee's testimony established the fact that the accounts were correctly kept, but the drivers who loaded and delivered the material were not called as witnesses, and appellee did not show by direct testimony that all of the loads were delivered on the premises of appellant. However, appellee did testify that he gave appellant an itemized account, the same as that sued on, and that appellant made no objections to it, but on the contrary promised to pay it. He testified also that appellant called him out to the houses and that they looked them over together and appellant expressed himself as being satisfied and made no objections to the account. Appellant denied this, but the chancellor accepted the testimony of appellee, and we can not say that appellant's testimony preponderates over that of appellee.

The burden was on appellee to prove that he delivered the material, and we think that he has done so, and that, as before stated, the findings of the chancellor are not against the preponderance of the testimony. *Central Lumber Co.* v. *Braddock Land & L. Co.,* 84 Ark. 560.

The decree should be affirmed and it is so ordered.