SARAH M. ENGLISH, RESPONDENT, v. RELIABLE LIFE & ACCIDENT INSURANCE COMPANY, APPELLANT.

Kansas City Court of Appeals.   May 4, 1925.

1.—Appeal and Error—In Action upon Life Policy Where Finding for Plaintiff is Based upon Sufficient Evidence, It Will Not be Disturbed.   In an action upon life policy of industrial insurance, where defense was that policy was not obtained by insured, but by husband of beneficiary for the benefit of his wife, judgment for plaintiff based upon evidence that policy was delivered to insured and premiums paid out of his own funds, will not be disturbed on appeal.

2.—Insurance—Insurable Interest—Insurance on Life Where Beneficiary Had no Interest in Life of Insured, Held Wagering Contract and Void. Where husband procures insurance on life of insured for benefit of his wife, who had no insurable interest in his life, the policy is a wagering contract and void.

3.—Witnesses—Death of Insured Held Not to Make Local Agent Issuing Policy Incompetent as a Witness.   In action on life policy, local agent of insurer, and husband of beneficiary in whose favor policy was issued, held not incompetent as a witness because insured was dead.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 877, n. 80. Life Insurance, 37CJ, p. 390, n. 39; p. 391, n. 48.   Witnesses, 40Cyc, p. 2288, n. 19.

Appeal from the Circuit Court of Clinton County.—Hon. Guy B. Park, Judge.

AFFIRMED.

*W. S. Herndon* for appellant.

*R. H. Musser* for respondent.

TRIMBLE, P. J.—This is an action on a policy of industrial insurance on the life of Thomas Shea for $196. Said Shea died January 11, 1924, during the life of the policy and all premiums were duly paid. The insurance was payable to the plaintiff, Sarah M. English, a cousin of insured. She was and is the wife of W. I. English, who was the defendant's local agent in the territory where Tom Shea lived and remained such agent for some time after the issuance of such policy.

Suit originated in a justice court where an answer was filed setting up the defense that insured made no application for and requested no such insurance but that same was obtained by English and his wife conspiring together to obtain insurance on the life of said Shea, and that said insurance was taken out by said English as a speculation, the plaintiff having no insurable interest in the said Shea's life.

The answer alleged as a further defense that Shea was not in good health at the time of the application, as represented therein, but as no attempt was made to show anything in this regard, it need not be noticed.

After a judgment in favor of plaintiff in the justice court, defendant appealed to the circuit court where a jury was waived and the cause was tried by the court sitting as a jury, and judgment was rendered for plaintiff for the amount of the policy. Defendant has appealed.

Demurrers to the evidence were filed at the close of plaintiff's case and also at the close of the entire case, but these were overruled and judgment was rendered for plaintiff without any finding of facts or declarations of law being asked or given.

The record shows that the application for the insurance was in possession of the defendant, but it was not produced or offered in evidence. Some question was raised as to the word "cousin," showing the relationship of the beneficiary to the insured being in the handwriting of the agent whereas the rest of the instrument was in typewriting, but the evidence is that this was done by the agent in correction of some mistake in that regard and that he wrote the company of it and same was approved, and that the policy was thus delivered to insured.

It seems that insured was reared in the family of Michael Shea as was also his cousin, Mrs. English, the beneficiary, whose maiden name was Shea. The evidence is that English was also agent for the New York Life Insurance Company and in that company, the

insured, through English, obtained insurance for the benefit of his, Shea's wife and children; that at or about the same time Shea told English to go ahead and obtain the insurance in question here, making Sarah, English's wife, the beneficiary; that when the policy came English delivered it to the insured and the latter returned it to him, telling him to give the policy to English's wife, which he did; that Shea told him to keep up the premiums out of a debt owed by English for a loan he had obtained from Shea and to keep track of them as he paid them and that English did so, making settlements in that regard with Shea from time to time. English denied having paid any premiums out of his own funds.

We are asked to hold, as a matter of law, that the insurance was in fact obtained by English himself for the benefit of his wife and not by Shea. Of course, if English procured the insurance on Shea's life for the benefit of Mrs. English, and paid the premiums thereon, it was a wagering contract and void, since Mrs. English had no insurable interest in Shea's life. [Tripp v. Mutual Life Ins. Co., 177 Mo. App. 339; Singleton v. St. Louis, etc., Ins. Co., 66 Mo. 63.] But, on the other hand, if Shea took out a policy on his own life and paid or arranged for the payment of the premiums himself, or on his own account, the policy is enforceable—since the insured has the right to designate his own beneficiary. [Lee v. Equitable, etc., Assur. Assn., 195 Mo. App. 40, 42; Deal v. Hainley, 135 Mo. App. 507, 513; Ashford v. Metropolitan Life Insurance Co., 80 Mo. App. 638, 641.]

The policy was taken out December 5, 1921, and ran continuously until January 11, 1924, during all which time defendant knew the situation and the facts but made no objection and received the premiums. At the trial no evidence was offered contradicting the essential facts supporting the theory that Shea, while taking out insurance for his wife and children in the New York Life, also obtained the policy in suit and gave it to his cousin with whom he had been reared. The most that can be said is that the matter surrounding the obtention of the insurance in question may be open to suspicion, but the trial court heard the evidence and passed upon its credibility and we do not see how we can disturb his finding. We fail to see wherein English was an incompetent witness under the statute because Shea was dead.

The judgment is affirmed. All concur.