## EVANS v. INDEPENDENT NAT. LIFE INS. CO., Inc.*
### No. 14155.

Court of Appeal of Louisiana. Orleans.

Oct. 17, 1932.

*Rehearing denied October 31, 1932.

Normann & McMahon, of New Orleans, for appellant.

Chas. J. Mundy, of New Orleans, for appellee.

HIGGINS, J.

This is a suit by a beneficiary to recover the sum of $250, the face value of an industrial life insurance policy. The defendant company admitted the issuance of the policy and proper proof of death, but denied liability on the ground that the plaintiff had no insurable interest in the said policy because his relationship to deceased was only that of cousin and that the beneficiary had caused the policy to be taken out upon the life of his deceased cousin and had paid the premiums. There was judgment in favor of the plaintiff, as prayed for, and the defendant has appealed.

■■ The first question to be decided is whether or not the relationship of cousin, per se, establishes an insurable interest. The plaintiff admitted that he was related to the deceased as a cousin and was making his claim solely as beneficiary. He does not pretend to claim as a creditor, or as a dependent. The law is that the relationship of cousin in itself does not create an insurable interest and that such a policy is void, being against public policy. Cooley's Briefs on Insurance (2d Ed.) vol. 1, p. 386; Vance on Insurance (2d Ed.) pp. 156, 157; Couch on Insurance, vol. 2, pp. 1100, 1101; Southern Mut. Life Ins. Co. v. Perry, 144 Ark. 512, 222 S. W. 1067; Cotton v. Mutual Aid Union, 132 Ark. 458, 201 S. W. 124; Ryan v. Metropolitan Life Ins. Co., 117 Mo. App. 688, 93 S. W. 347; Hess' Administrator v. Segenfelter, 127 Ky. 348, 105 S. W. 476, 32 Ky. Law Rep. 225, 14 L. R. A. (N. S.) 1172, 128 Am. St. Rep. 343; Whitmore v. Supreme Lodge Knights & Ladies of Honor, 100 Mo. 36, 13 S. W. 495; Mace v. Provident Life Ass'n, 101 N. C. 122, 7 S. E. 674; Brett v. Warnick, 44 Or. 511, 75 P. 1061, 102 Am. St. Rep. 639; Brady v. Prudential Life Ins. Co., 5 Kulp (Pa.) 505; Price v. Supreme Lodge, Knights of Honor, 68 Tex. 361, 4 S. W. 633; Pacific Mut. Life Ins. Co. v. Williams, 79 Tex. 633, 15 S. W. 478; Bankers' Reserve Life Co. v. Matthews (C. C. A.) 39 F.(2d) 528; Cotton v. Mutual Aid Union, 132 Ark. 458, 201 S. W. 124.

■ The next issue presented is whether the insured or the beneficiary caused the policy to be issued and paid the premiums as they matured. If the insured applied for the policy and paid the premiums thereon, it was his legal right to name plaintiff, who was his cousin, as beneficiary, and the policy would be valid. Stringer v. National Ben. Life Ins. Co., 12 La. App. 84, 124 So. 533; Dolan v. Metropolitan Life Ins. Co., 11 La. App. 276, 123 So. 379. But if the plaintiff made application for the issuance of the policy and paid the premiums, the policy would be void as against public policy, since he was only related to the deceased as a cousin. See authorities, supra.

The record shows that while the plaintiff, an ignorant negro, was on the stand under cross-examination, he admitted that he was related to the deceased as a cousin, without specifying in what degree; that he had a white lady to write a certain letter for him to the Secretary of State, in which he complained that the insurance company had failed to pay him what was legally due him; and that he had caused the policy to be issued upon the life of his cousin through the solicitation of the company's agent and that he had paid the premiums thereon. But he denied that he had told the writer of the letter to put those statements in it and positively testified that the insured had applied for the policy and had also paid the premiums as they became due. When questioned as to the name and address of the white lady who had written the letter for him, and upon the defendant's attorney attempting to introduce in evidence the letter, counsel for plaintiff objected on the grounds that the question and the letter were immaterial and irrelevant. The trial court sustained the objections and ruled out this evidence.

■ The ruling of the trial court was clearly erroneous, because letters written by a witness, particularly where he is a party to the suit, and containing statements inconsistent with his testimony, are competent for the purpose of discrediting him. 28 R. C. L., p. 641, Verbo "Witnesses," § 225; Sharp v. Hall, 86 Ala. 110, 5 So. 497, 11 Am. St. Rep. 28; Florida Cent., etc., R. Co. v. Mooney, 45 Fla. 286, 33 So. 1010, 110 Am. St. Rep. 73; People v. Hayes, 140 N. Y. 484, 35 N. E. 951, 23 L. R. A. 830, 37 Am. St. Rep. 572; Aldridge v. Ætna Life Ins. Co., 204 N. Y. 83, 97 N. E. 399, 38 L. R. A. (N. S.) 343; Galt et ux. v. Travlers' Insurance Co. (La. App.) 141 So. 105; Zuviceh v. Schnyder, 18 La. App. 121, 137 So. 379.

We have carefully read the record and believe the ruling of the trial court interfered with the proper presentation of the evidence on the question of whether or not the policy had been applied for by the beneficiary and the premiums thereon paid by him. Therefore we have decided to remand the case for the purpose of taking such competent evidence as either party litigant may be able to produce tending to clarify that issue. Dufour Bertrand Feed Co. v. Dedebant, 9 Orleans App. 321.

For the reasons assigned it is ordered, adjudged, and decreed that the judgment appealed from be reversed, and that this case be remanded to the First City Court of New Orleans, to be proceeded with according to law and the views herein expressed.

Reversed and remanded.