VIOLA ALLEN, VERBAL PARKER AND GOLDIE MILLER, RESPONDENTS, v. AETNA LIFE INSURANCE CO., A CORPORATION, INTERPLEADER, AND REVA ALLEN, APPELLANTS.—62 S. W. (2d) 916.

Springfield Court of Appeals.   August 19, 1933.

*Sharp & Baynes* for appellants.

*Finch & Finch* for respondents.

SMITH, J.—This is a suit growing out of a life insurance policy issued upon the life of one Emanuel R. Davidson by the Aetna Life Insurance Company of Hartford, Connecticut, payable to Martha V. Allen, named in the caption of this case as Viola Allen, and Reva Allen, daughter and son-in-law of the insured.   The record shows that Viola Allen obtained a divorce from her husband, Reva Allen, some months before her father Emanuel R. Davidson died.   On the 8th day of June, 1925, Emanuel R. Davidson signed an application

for the insurance and on the 8th day of July, 1925, a policy was issued for $2000 payable one-half to Martha V. Allen, daughter, and one-half to Reva Allen, son-in-law.

On the 7th day of September, 1931, a written request for a change of beneficiaries in said policy was made by Emanuel R. Davidson wherein he requested that the beneficiaries under said contract be changed to provide that the amount to become due thereunder by reason of the death of the insured shall be made payable to Viola Allen the sum of $1000 and Goldie Miller and Verbal Miller the sum of $500 each, all daughters of the insured.

This request was received by the insurance company, and the company notified the insured that the policy would have to be returned to it before the change of beneficiaries could be made. The policy was not returned to the company and on the 16th day of September, 1931, Emanuel R. Davidson died. The policy, at the time of the death of the insured, was in the hands of Reva Allen.

The three daughters above named made request for payment to them of the entire amount of the policy, and this suit for the payment thereof was filed. Reva Allen was made defendant. The petition asks for judgment against the Aetna Life Insurance Company in the sum of two thousand dollars, and for a finding that Reva Allen has no right title, claim or interest in said policy, and for costs. Summons was issued and served upon Reva Allen. The defendant Aetna Life Insurance Company filed an answer in the nature of a bill of interpleader, confessing liability on the policy in the sum of two thousand dollars and asked permission to pay the same into court. This was granted; the sum was paid into court, and the insurance company was discharged. Defendant Reva Allen filed an answer in which he prayed judgment against the defendant Aetna Life Insurance Company in the sum of one thousand dollars.

There is not much controversy over the facts in the case. On the 8th day of June, 1925, Davidson made application to the insurance company, an old line company, for an ordinary life non-participating policy on his life in the sum of two thousand dollars payable to "Martha V. Allen and Reva Allen, daughter and son-in-law of the insured, equally, or the survivor." The policy was issued and delivered to Davidson, who turned the policy over to Reva Allen, and the policy was thereafter in the possession of Reva Allen, and all premiums were paid by Reva Allen. The premiums were $46.48 payable semi-annually. The company evidently had notice of the fact that Reva Allen was to make the payments for all notices for the payment of premiums were mailed to Reva Allen.

The record shows that Reva Allen filed a petition for divorce from Viola Allen, and that she filed a cross-petition and in May, 1931, she obtained a decree of divorce from Reva.

· On the 7th day of September, 1931, Emanuel R. Davidson signed and mailed to the Aetna Life Insurance Company a request to change the beneficiaries under this policy to Viola Allen, Goldie Miller and Verbal Parker. This request was sent in to the insurance company and returned by it to Davidson, without any action thereon with the request that the application to change the beneficiaries be accompanied by the policy in accordance with the express terms thereof. Nothing further was done relative to changing the beneficiary and on the 17th day of September, 1931, ten days after the original application to change had been signed, Emanuel R. Davidson died, and no change of beneficiary was ever made. The testimony was that Reva Allen paid all of the premiums paid on this policy of life insurance and also showed that Davidson said after he had taken out this policy for the benefit of Martha V. Allen and Reva Allen that he would take out a policy in favor of his other children provided they would pay the premiums as Reva Allen had done in the case of the policy in question. The testimony also showed that no demand was ever made upon Reva Allen for the policy by Mr. Davidson for the purpose of having the beneficiary changed at the time he attempted to do so.

Under the foregoing statement of facts the circuit court held that Reva Allen should recover $270.88, the amount of the premiums paid by him and that the remainder of the policy should be divided between Viola Allen, Verbal Parker and Goldie Miller. After an unavailing motion for new trial, defendant Reva Allen, has brought this case to this court for its consideration, under several assignments of error, such of which assignments as we deem necessary with evidence pertaining thereto, we shall hereinafter consider.

The policy in this case was introduced in evidence and it contained these words, ''Premiums payable during the lifetime of the insured. Insurance payable at death. Non-participating.'' So we think there is no doubt but that the policy in question is an ordinary life non-participating policy issued by a company operating under what is commonly called or designated as an old line life insurance company, and is governed by the provisions of Article 2, Chapter 37 of the Revised Statutes of Missouri, 1929. [Mattero v. Central Life Ins. Co. (Mo. App.), 215 S. W. 750.]

We have reached the conclusion that Emanuel R. Davidson had a legal right to apply for insurance in this company upon his own life and make Reva Allen, his son-in-law, beneficiary under the policy, provided the insured paid for the insurance, or arranged for the payment upon his own account. [Lee v. Equitable Life Assur. Co. (Mo. App.), 189 S. W. 1195, 1196; English v. Reliable Life & Accident Ins. Co. (Mo. App.), 272 S. W. 75.]

This conclusion is reached, not because Reva Allen was the son-in-law of the insured, or had an insurable interest in the life of

the insured, but, because an insured may take out a policy upon his own life and upon his own payment of premiums and make anyone that he may choose the beneficiary, provided the application and the payments are his own voluntary acts and deeds. We are not attempting to hold that these acts may not be done by an agent.

In this case, however, the testimony does not show conclusively that the policy was taken out by the insured or that any of the payments were made by him or for him.

The record does show that the application was signed by Emanuel R. Davidson.

When Reva Allen was on the stand, he identified the insurance policy, and said "I have had possession of the policy ever since it has been issued. I have paid the premiums on that policy." There was no controversy about his paying all the premiums. That was admitted.

He further said, "Floyd B. Gale of Parma, Missouri, was the agent who issued the policy. I didn't have the money to take it out at the time I took it out, and he told me to have him sign it, and I gave Mr. Gale a note for the first premium on the policy, my father signed the note. I afterwards paid the note. I paid the premium on this policy. I never gave my consent to any change in beneficiary of this policy. At all times since the policy was issued, I have had the policy in my possession. No demand was ever made upon me by the company or anyone else for this policy."

He testified that he thought the policy, when it came from the company, came to Mr. Gale at Parma, but that he wouldn't be positive about that. He did not think it was sent to him. He testified that he notified the insurance company in writing· that he held the policy. He also testified that he was not related in any way to the insured at the time of the trial, but was his son-in-law at the time the policy was issued.

J. A. Allen, the father of Reva Allen, testified as follows:

"I knew Mr. Emanuel R. Davidson during his lifetime. I have talked with him about this policy of insurance he had with the Aetna Life Insurance Company; he said that he made the policy to Reva so that he could give the children something if he died off, and that he offered the other girls the same thing if they would take it. He said that he offered the other girls the same thing, to take out a policy on him and pay the premium, the same thing that he offered Reva when he came to me to get the money, to sign a note for the first premium. He talked to me several times about that and the conversation was just about the same.

## CROSS-EXAMINATION BY MR. GALLIVAN.

"I had the policy in my safe over there. I think we had the safe several years, my son had been gone up in Iowa a couple of years,

yes, two or three years he was gone and the policy was in my hands in the safe for safekeeping; that is where it was when it was brought to him, at that time he was a partner in the business, it was put in this safe at that time; it was the Grain Company's safe; it has been in the same place all of the time; I was not asked to send it to have the beneficiary changed; they did not ask me to deliver it; Mr. Davidson didn't tell me he wanted to change the beneficiary in the policy.''

The two Allens were the only, witnesses who took the stand in the case. The other evidence consisted of the policy, the check showing payment by Reva Allen, and the written request for a change of beneficiaries, with the letter from the company stating that the policy would have to be sent in before the change could be made.

We think this testimony falls far short of showing that the insured took out the insurance himself and paid the premiums himself, or arranged for the payment thereof. The testimony of Reva Allen shows that he and the agent of the company arranged for the insurance to be written and that he arranged for payment of the first premium by giving a note with security.

He said ''I didn't have the money to take it out at the time I took it out.'' This clearly shows that he was arranging with the agent himself to take out the policy, and there is not a particle of testimony in the record that Davidson ever did anything, except to sign the application, and Reva Allen said the agent ''told me to have him sign it, and I gave Mr. Gale a note for the first premium.''

The defendant does not claim that because he was a son-in-law he had an insurable interest in the insured, and we hold that he did not on that ground. So we are forced to the conclusion that since the evidence fails to show that the insured took out the policy and paid or arranged for payment of the premiums thereon, and since the evidence does show that Reva Allen took out the policy and paid the premiums, the policy comes within that class of wagering contracts, and is therefore not enforcible, so far as the defendant Reva Allen is concerned. We think we are sustained in this conclusion by the following decisions of our courts; Reynolds v. The Prudential Ins. Co., 88 Mo. App. 679; Ryan v. Metropolitan Life Ins. Co., 117 Mo. App. 688, 93 S. W. 347; Locker v. Kuechenmiester, 120 Mo. App. l. c. 719, 98 S. W. 88; Deed v. Hainley, 135 Mo. App. l. c. 513, 116 S. W. 1; Williams v. Peoples Life & Accident Ins. Co. (Mo. App.), 35 S. W. (2d) 922, 923, and cases there cited.

The defendant contends this policy was assigned to him, by delivery, for him to pay the premiums. The testimony fails to show this, but even if such were the case, he would have no interest, except to the amount of his advances, and in this case his advances were nothing except the premiums paid. [Locke v. Bowman, 168 Mo. App. l. c. 129, and cases cited, 151 S. W. 468.]

The defendant contends that because he had paid the premiums that gave him a vested interest in the policy. Where the policy reserves the right to change the beneficiary, as was specifically provided in this policy, the beneficiary has no vested interest and the insured may change the beneficiary without the latter's consent. [Missouri State Life Ins. Co. v. California State Bank (Mo. App.), 216 S. W. 785; Metropolitan Life Ins. Co. v. Fidelity N. Bank & Trust Co. (Mo. App.), 229 S. W. 399.]

There might be some question in this case as to whether the change of beneficiaries was fully completed, if properly insisted upon here by the right parties, but such a contention is not available to the defendant Reva Allen. It is our conclusion that his only interest in this policy is the amount paid by him in the way of premiums and the trial court found he was entitled to this amount, and no appeal from that part of the judgment was taken by the other parties.

There are other assignments of error, but we think what we have heretofore said, covers the entire case, and it is our conclusion that no reversible error occurs in the case, and that the judgment should be affirmed. It is so ordered. *Allen, P. J.*, and *Bailey, J.*, concur.